## A89A0150. CLARK v. THE STATE.
### (381 SE2d 763)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of aggravated assault. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates as error the trial court's refusal to strike a prospective juror for cause.

"We are confronted here with [a challenge] for favor. Whether to strike a juror for favor lies within the sound discretion of the trial court [(cit.)], and absent manifest abuse of that discretion, appellate courts will not reverse. [Cit.] *Harris v. State,* 178 Ga. App. 735, 736 (1) (344 SE2d 528) (1986). "While the [prospective juror] may have initially expressed some doubt as to his impartiality, this does not mean as a matter of law that he be excused for cause. The [prospective juror,] having indicated to the trial judge that he could render a fair and impartial verdict based solely on the evidence presented in court[,] . . . was prima facie competent to serve as a juror in the case sub judice. . . . Under the circumstances of the case sub judice, we find no abuse of the trial court's discretion. [Cits.] This enumeration of error is without merit." *Durham v. State,* 185 Ga. App. 163, 165 (2) (363 SE2d 607) (1987).

2. When the investigating officer was asked if he had advised appellant of his *Miranda* rights, the officer responded that he had read appellant his rights. The officer was then asked what those rights were and he read the rights from a *Miranda* warning card. Thereafter, the officer added that he "had secured the waiver by saying do you understand each of the rights I have explained to you. Having these rights in mind, do you wish to talk to us now. [Appellant] at that time declined to make any statements." Appellant moved for a mistrial, urging that this testimony amounted to an impermissible comment on the exercise of his right to remain silent. Appellant enumerates as error the trial court's denial of his motion for mistrial.

"There was only one reference to appellant['s] silence, and that reference was in [the investigating officer's] testimony which was not in response to the prosecutor's question. The prosecutor never again mentioned [the investigating officer's] comment and did not comment on appellant['s] silence, either in cross-examination or for impeachment purposes. Thus, there was no focus on appellant['s] silence sufficient to constitute prejudicial error. [Cit.]" *Evans v. State,* 167 Ga. App. 396, 398-399 (306 SE2d 691) (1983), overruled on other grounds,

*Teague v. State,* 252 Ga. 534, 536 (314 SE2d 910) (1984).

3. Appellant enumerates as error the trial court's refusal to instruct on simple assault as a lesser included offense.

Appellant urges that such a charge was authorized because the weapon utilized in the assault, an empty pellet gun in the shape of an automatic weapon, was not a "deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). The law clearly provides, however, that " 'if (the weapon) reasonably appeared to the victim to be deadly, then [appellant] should be held to the consequences of using a "deadly weapon." ' [Cit.]" *Moore v. State,* 169 Ga. App. 24, 26 (6) (311 SE2d 226) (1983). After reviewing the record, we find that "the [pellet] gun in this case, in the way it was used as established by uncontradicted evidence, was per se a 'deadly weapon.' " *Watts v. State,* 142 Ga. App. 857, 859 (4) (237 SE2d 231) (1977). See also *Adsitt v. State,* 248 Ga. 237, 240 (6) (282 SE2d 305) (1981). It is not error "for the trial court to refuse to give [a charge on simple assault] 'when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime.' [Cit.]" *Garrett v. State,* 184 Ga. App. 593, 595 (4) (362 SE2d 150) (1987).

4. Appellant enumerates as error the trial court's instruction on flight. However, the instruction was approved in *Lingerfelt v. State,* 255 Ga. 180, 182 (5) (336 SE2d 250) (1985) and was clearly authorized by the evidence in this case.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 1, 3, 4, and in judgment.*

DECIDED APRIL 21, 1989.

*Allison Cobham,* for appellant.
*Lewis R. Slaton, District Attorney, Katherine Beaver, Joseph J. Drolet, Assistant District Attorneys,* for appellee.