A97A0989. TAYLOR v. THE STATE.
(485 SE2d 830)

ELDRIDGE, Judge.

Appellant, David Glenn Taylor, appeals his conviction following a jury trial on June 11 through 13, 1996, on the offenses of aggravated assault (OCGA § 16-5-21 (a) (2)),[1] terroristic threats (OCGA § 16-11-37 (a)),[2] and pointing a pistol at another (OCGA § 16-11-102),[3] asserting that the evidence was insufficient to support such convictions.[4] We disagree and affirm the convictions.

Appellant and the victim lived together for approximately two and one-half years, from July 1993 until September 1995. On October 17, 1995, appellant entered the trailer he had previously shared with the victim to reclaim some possessions; the victim was not at home. When the victim returned at approximately 8:00 p.m. with her daughter and a friend, appellant ran to the car, "hollering and screaming" at the victim. According to the victim, he was "real mad . . . upset . . . furious." He slammed the car door against the victim, pinning her between the door and the car. The victim became so frightened that she "froze." Appellant then went back into the trailer, returned to the victim, slammed a clock radio against the top of the car, pulled his .357 pistol from its holster, and pointed the gun at the chest and neck of the victim. The victim testified that the appellant

---

[1] "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . ."

[2] "A person commits the offense of a terroristic threat when he threatens to commit any crime of violence . . . with the purpose of terrorizing another."

[3] "A person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded."

[4] The trial court merged Count 3 into Count 1 for sentencing.

told her that "he should just go ahead and kill me . . . he was going to kill me." The victim's friend was standing only a few feet away when the encounter occurred, and she corroborated this version of the events in her testimony during trial, as well as in a prior written statement.

The victim's friend and daughter went into the trailer, and as the victim attempted to go in, the appellant grabbed her jacket and "dragged" her into the bedroom. He refused to let the victim leave the bedroom and repeatedly said "I'm gonna kill you, I'm gonna kill you." Shortly thereafter, two police cars arrived, and the officers instructed appellant to surrender his keys to the trailer and to leave. One officer testified that the victim appeared to be "very afraid" of the appellant, that "she felt that she was in harm's way at that time, but she was afraid to press charges" because "he might come back and hurt her." Appellant was arrested while at work the next day.

In his testimony, appellant presented a very different scenario regarding the evening of October 17, 1995. He admitted being at the trailer and confronting the victim, but testified that he did not point the pistol at the victim; he asserted that he only touched the pistol in order to replace it in its holster after the gun inadvertently had been removed when it brushed against the car. Further, appellant presented the testimony of other witnesses, who testified regarding the victim's general bad reputation and her alleged admissions that she lied about the circumstances leading to the charges.

The jury had the opportunity to hear the testimony of the appellant, victim, and their respective witnesses. They obviously did not believe the version of events propounded by the appellant.

It is well established that "[o]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). "Conflicts in the testimony of the witnesses . . . is a matter of credibility for the jury to resolve. [Cits.]" (Punctuation omitted.) *Jones v. State*, 220 Ga. App. 161, 162 (469 SE2d 300) (1996). The evidence in the case sub judice was more than sufficient for a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offenses of making terroristic threats, aggravated assault, and pointing a pistol at another. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 23, 1997.

 Before Judge Kilpatrick.

*Lee Sexton & Associates, Robert L. Ferguson*, for appellant.
*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney*, for appellee.