## A99A0143. SHAW v. THE STATE.
### (519 SE2d 486)

BARNES, Judge.

Melvin Shaw and a co-defendant were indicted on three counts of aggravated assault on a police officer. A jury convicted the co-defendant of all three assault charges, acquitted Shaw of one assault charge, and convicted him of two assault charges. Shaw, who was 18 and a high school junior at the time of the incident, had no previous convictions and was sentenced to serve 15 years. He appeals the aggravated assault convictions, arguing that the trial court erred in failing to charge on the lesser included offense of reckless conduct, and that insufficient evidence supported the convictions. Because we conclude the trial court should have charged the jury on reckless conduct, we reverse.

The charges arose out of a high speed car chase through east Atlanta. Several officers testified that someone in the Cadillac they were chasing fired at them on three separate occasions. The three aggravated assault charges arose from two of the shooting incidents. The first charge alleged Shaw and his co-defendant assaulted Officer W. C. Jones with a handgun; this was the charge of which Shaw was acquitted. The second and third charges alleged assaults against Officers R. A. Mason and Craig Kailimai, who were riding together.

1. Shaw contends the trial court erred in refusing to charge reckless conduct as a lesser included offense of aggravated assault on a police officer. He argues that a fellow passenger's statement that Shaw shot into the air while the police were chasing them was sufficient to justify a reckless conduct charge.

In the statement, the passenger said:

When I knew something was going on I had heard the police siren. And so I looked behind us. I saw the police car with the lights on. I asked what was going on. Someone said the police got behind us. We were just riding. We were on the expressway. Before we got to the expressway, Melvin had his hand out the window and I heard about four or five shots. He was pointing up in the air and shooting.

The police officer who took this statement testified that he thought the passenger described a shooting incident that took place before the car entered the expressway.

Slight evidence is sufficient to justify charging on a lesser included offense, and information contained in a statement introduced by the State can constitute such evidence. *Edwards v. State*, 264 Ga. 131, 132-133 (442 SE2d 444) (1994). The question, then, is whether shooting out of a car into the air while police are pursuing could also constitute the crime of reckless conduct. If so, the trial court erred in failing to give the charge.

Shaw was indicted for "an assault on the person of R. A. Mason [and C. Kailimai] with a handgun, a deadly weapon," and was convicted on those two counts under a jury charge that permitted his conviction if the jury found that, with a deadly weapon, Shaw *either* attempted to commit a violent injury to the officers *or* placed the officers in reasonable apprehension of immediately receiving a violent injury. The trial court further charged that "a person commits the offense of aggravated assault when that person assaults another person with a deadly weapon," but declined to charge reckless conduct as a lesser included offense. The Code defines reckless conduct as causing bodily harm to or endangering the bodily safety of another person "by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care." OCGA § 16-5-60 (b).

> Both crimes [assault with intent to injure and assault by scaring the victim] proscribe the same general acts, to wit: either the subjection of another to the possibility of personal injury; or, the actual infliction of such an injury on the victim. The two crimes potentially differ only in one respect. In the case of aggravated assault with a deadly weapon, the attempted or the completed injury to the victim is the intended consequence of the defendant's act. In the case of reckless conduct, the threatened or the actual injury to the victim is, instead, the product of the defendant's criminal negligence. This *similarity* between the proscribed acts, coupled with a *dissimilarity* between the mental culpability which produces those acts, would indicate the potential for reckless conduct to be deemed, as a matter of law, a lesser included offense of aggravated assault with a deadly weapon.

(Emphasis supplied.) *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457) (1985).

It is clear that, under the evidence in this case, a reckless conduct charge is not warranted for an aggravated assault committed by placing another in reasonable apprehension of immediately receiving a violent injury. If the victim reasonably fears an immediate violent injury from a firearm, the aggravated assault has occurred. *Dunagan v. State*, 269 Ga. 590, 593 (2) (b) (502 SE2d 726) (1998); *Clark v. State*, 191 Ga. App. 386, 387 (3) (381 SE2d 763) (1989). The testimony on which Shaw relies does not alter this result, because one can place another person in reasonable apprehension of violent injury by firing into the air as well as by firing at the victim. The testimony of Officers Mason and Kailimai supported a finding that they were afraid of being shot, and the trial court did not err in declining to charge on reckless conduct on an aggravated assault with a deadly weapon based on conduct falling under OCGA § 16-5-20 (a) (2).

The more difficult question is whether Shaw was entitled to a reckless conduct charge as a lesser included offense of aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (1) for attempting to injure another person. Here, the evidence, though slight, indicated that Shaw might have merely fired a gun out of the car up into the air while the police were chasing the car in which he was riding. If he did fire a gun into the air instead of at the pursuing officers, he may not have had the intent to attempt to commit a violent injury to another, although such an action certainly would constitute criminal negligence. "Threatened or actual injury to a victim by means of a deadly weapon that results from a defendant's criminal negligence constitutes the offense of reckless conduct." *Dunagan*, supra, 269 Ga. at 592. Therefore, the trial court erred in refusing to charge the jury on the offense of reckless conduct as a lesser included offense of an aggravated assault by attempting to injure. Compare *Hy v. State*, 232 Ga. App. 247, 249 (1) (501 SE2d 583) (1998) (evidence that defendant may have fired gun into air too ambiguous and equivocal to warrant reckless conduct charge).

As charging errors are presumed harmful unless the record shows the error was harmless, we must reverse. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988); *Barton v. State*, 79 Ga. App. 380, 387-388 (2) (53 SE2d 707) (1949). Nothing in the record shows that the jury did not convict Shaw for attempting to injure the officers with a deadly weapon, or that the jury was not misled by the lack of a charge on reckless conduct. Therefore, because we cannot say the error was not harmful, we reverse for a new trial Shaw's two convictions of aggravated assault with a deadly weapon on a police officer. See *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995); *Stewart v. State*, 158 Ga. App. 378 (1) (280 SE2d 403) (1981).

2. Shaw also contends the evidence was insufficient for a rational trier of fact to find him guilty of aggravated assault on a police officer

beyond a reasonable doubt. On appeal, we do not weigh the evidence or decide witness credibility, but view the evidence in a light most favorable to the verdict. *Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Construed to support the verdict, Officer Mason testified that after his police car pulled behind the Cadillac, he saw a person, whom he recognized as Shaw, lean out of the front passenger side of the Cadillac and fire a gun at him and Officer Kailimai. Kailimai, who was driving, also saw someone hanging out of the front passenger side of the Cadillac and then saw Officer Mason recoil in his seat, though he did not see a weapon. Both Mason and Kailimai identified Shaw at trial as the shooter.

Shaw disputed this version of the chase, testifying that he was in the back seat on the driver's side during the entire chase. Three passengers, including Shaw's co-defendant, testified that Shaw was never in the front passenger seat, which according to Officer Mason's testimony is where the shot originated.

After the chase ended, the police found a handgun on the front seat of the Cadillac that tested positive for Shaw's fingerprints. Shaw testified at trial that he shot a gun out of the car window, but only up in the air before the police began chasing them. Two of the Cadillac's passengers also testified that Shaw did not shoot during the police pursuit.

In the circumstances of this case, an aggravated assault with a deadly weapon can be committed in two ways: either by attempting to commit a violent injury to the person of another; or by committing an act that places another in reasonable apprehension of immediately receiving a violent injury. OCGA §§ 16-5-20; 16-5-21 (a) (2). The indictment was sufficient to charge Shaw with aggravated assault based on either method of assault, and the trial court properly charged the jury as to both methods.

We conclude the evidence was sufficient for a rational trier of fact to find Shaw guilty beyond a reasonable doubt of aggravated assault on a police officer, either by attempting to commit a violent injury with a deadly weapon (OCGA § 16-5-20 (a) (1)) or by placing him in reasonable apprehension of immediately receiving a violent injury (OCGA § 16-5-20 (a) (2)). *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dunagan v. State,* supra, 269 Ga. 593 (2) (b).

*Judgment reversed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

I specially concur. I do not dispute the analysis and result of the majority opinion. I am bothered by a holding that a person who fires

a gun out the window of a vehicle while being pursued in a police auto chase would, under any circumstances, be entitled to a charge on reckless conduct for such conduct. If that is the law, it is wrong.

I am authorized to state that Senior Appellate Judge Harold R. Banke concurs in this opinion.

DECIDED JUNE 15, 1999 —
RECONSIDERATION DENIED JUNE 30, 1999 — CERT. APPLIED FOR.

*Gayle D. Bacon, Maryann F. Blend*, for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys*, for appellee.