## A05A2127. ANTHONY v. THE STATE.
### (622 SE2d 450)

BLACKBURN, Presiding Judge.

Willie Anthony was convicted of aggravated assault and possession of a firearm during the commission of a crime following a jury trial. Anthony appeals the aggravated assault conviction, arguing that the trial court erred in failing to charge on the lesser included offense of reckless conduct, and that insufficient evidence supported the conviction. He also contends that the trial court erred in denying his motion for continuance. We affirm.

1. We first address Anthony's contention that the evidence was insufficient to support his aggravated assault conviction. When evaluating the sufficiency of the evidence, we determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*.[1] This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the factfinder's assessment of the weight and the credibility of the evidence. *Escutia v. State*.[2]

Viewed in this light, the evidence shows that Anthony went to a business, looking for Newton Lawrence, one of the employees. Lawrence did not testify.[3] Other witnesses testified that Anthony was carrying a pistol and appeared angry as he walked around the plant yelling for Lawrence. Eventually, Anthony confronted Lawrence and accused him of stealing Anthony's drugs. Not satisfied with Lawrence's denials, Anthony continued his accusations and struck Lawrence twice in the head. He also pointed the pistol at Lawrence several times and at one point aimed the pistol directly at Lawrence's head while continuing to yell threats. As Lawrence began to back away toward an open dock door, Anthony swiftly raised the pistol and fired it, wounding Lawrence in the ankle. Anthony then ran out the back of the plant.

Anthony contends that the evidence was insufficient to prove aggravated assault because no evidence was presented as to whether Lawrence had a reasonable apprehension of injury from assault by a

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).
[2] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).
[3] Lawrence could not be located and was not therefore subpoenaed to testify at trial.

deadly weapon. Aggravated assault is an assault on another that is aggravated through the use of a deadly weapon.[4] *Smiley v. State.*[5] Simple assault is an attempt to commit a violent injury to another or the commission of an act which places another in reasonable apprehension of receiving an immediate violent injury.[6] Id. The Supreme Court of Georgia has held that "[a] victim's apprehension of receiving a violent injury is not an essential element of an assault in which it is alleged that the defendant actually attempted to commit a violent injury to the person of the victim." (Punctuation omitted.) *Love v. State.*[7] Moreover, "[i]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault." (Punctuation omitted.) Id.

Furthermore, Anthony's contention that Lawrence's reasonable apprehension of injury cannot be established without Lawrence's testimony is incorrect, as such apprehension can be proved by circumstantial or indirect evidence as well as by direct or positive evidence. *Lemming v. State.*[8] Indeed, the presence of a gun "would normally place a victim in reasonable apprehension of being injured violently." (Punctuation omitted.) *Jackson v. State.*[9]

The State presented evidence that Anthony angrily confronted Lawrence, struck him twice, pointed his pistol at him several times, and ultimately shot Lawrence in the ankle as Lawrence was backing away. Based on this evidence, we conclude that a rational trier of fact could have found Anthony guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia,* supra; *Smiley,* supra. Accordingly, we affirm the jury's verdict and uphold Anthony's conviction.

2. Anthony contends that the trial court erred in denying his motion for a continuance. Specifically, Anthony argues that a continuance should have been granted based on Lawrence's absence from the trial pursuant to OCGA § 17-8-25, which provides:

> In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will

---

[4] OCGA § 16-5-21 (a) (2).
[5] *Smiley v. State,* 263 Ga. 716, 717 (2) (438 SE2d 75) (1994).
[6] OCGA § 16-5-20 (a).
[7] *Love v. State,* 268 Ga. 484, 485 (1) (490 SE2d 88) (1997).
[8] *Lemming v. State,* 272 Ga. App. 122, 125 (1) (612 SE2d 495) (2005).
[9] *Jackson v. State,* 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001).

be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness.

Anthony argues that Lawrence's testimony is material because Lawrence might have testified that he did not want to prosecute the case and, therefore, proceeding without him was prejudicial to Anthony's defense. This contention lacks an evidentiary basis.

Motions for continuance are addressed to the sound discretion of the trial court, and we will not interfere with the ruling on such a motion unless it is clearly shown that the trial court abused its discretion. *Hayes v. State.*[10] Furthermore, "[t]he trial court has discretion in determining whether to grant a continuance for absence of a witness, and that discretion is not abused unless all of the requisites of OCGA § 17-8-25 are shown and the trial court still denied a continuance." (Punctuation omitted.) *Letson v. State.*[11]

Anthony concedes that he has not met all the requirements of OCGA § 17-8-25, but nevertheless argues that a continuance was warranted because Lawrence was potentially a material witness. However, Anthony makes no specific showing that Lawrence's testimony was material, and only speculates that Lawrence may not have wanted to prosecute the case. Given Anthony's failure to meet the requirements of OCGA § 17-8-25, including showing that Lawrence's testimony was material, we cannot find that the trial court abused its discretion in denying Anthony's motion for a continuance. Accordingly, we affirm the trial court's judgment on this issue.

3. Anthony further contends that the trial court erred by refusing to charge the jury on reckless conduct as a lesser included offense of aggravated assault. Anthony cites *Shaw v. State*[12] for the proposition that reckless conduct should be a lesser included offense in this case because two witnesses testified that they did not feel that Anthony was shooting directly at Lawrence. We disagree.

In *Shaw*, we held that the defendant was entitled to a reckless conduct charge because evidence that the defendant may have fired a gun out of a moving car up into the air and not toward pursuing police officers was indicative of criminal negligence rather than an intentional attempt to commit a violent injury. Id. Here, the undisputed evidence was that Anthony angrily confronted Lawrence,

---

[10] *Hayes v. State*, 214 Ga. App. 893, 894 (449 SE2d 360) (1994).

[11] *Letson v. State*, 236 Ga. App. 340, 341 (1) (512 SE2d 55) (1999).

[12] *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999).

pointed his pistol toward him, fired it, and wounded Lawrence in the ankle. There was no evidence that Anthony was simply negligent in either pointing or firing the pistol and thus no evidence of reckless conduct. See *Hall v. State*.[13] Moreover, witness testimony that Anthony may only have been trying to scare Lawrence or may not have been aiming directly at him does not support Anthony's argument that a reckless conduct charge was warranted. On the contrary, such testimony provides evidence of Anthony's intent to put Lawrence in fear of bodily injury, as well as circumstantial evidence of Lawrence's reasonable apprehension of injury. See *Huguley v. State*;[14] *Lemming*, supra. Under these circumstances, it was not error for the trial court to refuse to charge the jury on reckless conduct as a lesser included offense of aggravated assault. *Hall*, supra at 47; *Huguley*, supra.

We therefore affirm the trial court's rulings and the verdict of the jury.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 25, 2005.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell*, District Attorney, *Sharon M. Fox*, Assistant District Attorney, for appellee.

[13] *Hall v. State*, 235 Ga. App. 44, 46-47 (4) (508 SE2d 703) (1998).
[14] *Huguley v. State*, 242 Ga. App. 645, 649 (1) (b) (529 SE2d 915) (2000).