## A05A2027. THOMPSON v. THE STATE.
(626 SE2d 825)

MIKELL, Judge.

A Richmond County jury found Roger Thompson guilty of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Thompson appeals from his judgment of conviction and sentence, contending (i) that the evidence was insufficient to support the guilty verdict on the charge of aggravated assault, (ii) that the trial court erred by allowing testimony that Thompson's nickname was "Shotgun," and (iii) that the trial court erred by failing to instruct the jury on reckless conduct as a lesser included offense of aggravated assault. We affirm for the reasons set forth below.

Viewed in a light most favorable to the jury's verdict, the evidence shows that around 2:00 a.m. on April 1, 2000, the victim and two friends drove to the Hale Street Apartments in Augusta. There were more than 30 people in the apartment parking lot who were "having a good time." The victim became involved in an argument with another person in the parking lot. About two minutes after the argument began, the victim saw Thompson, who the victim only knew by the nickname "Shotgun," come out of an upstairs apartment. Thompson fired a gun three times, aiming "towards [the victim], towards the ground." The second shot grazed the victim over his left eye. The victim, who was scared, ran to the street to call for help on his cellphone.

1. Thompson claims the evidence was insufficient to support his conviction for aggravated assault because he did not intend to assault the victim. We disagree.

The indictment charged Thompson of aggravated assault with a deadly weapon by making "an assault upon the person of the [victim], with a certain handgun, a deadly weapon, by shooting him." See OCGA § 16-5-21 (a) (2) (a person commits the offense of aggravated assault when he or she assaults with a deadly weapon).

> The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by (a) an intention to murder, rape, or to rob, or (b) use of a deadly weapon. OCGA § 16-5-20 states: (a) a person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

(Citations, punctuation and emphasis omitted.) *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993).

The indictment only specifies that Thompson made an "assault" with a deadly weapon, and "[s]uch general language sufficiently charges an assault by way of either manner contained in the assault statute." (Footnote omitted.) *Tucker v. State*, 245 Ga. App. 551, 553 (1) (538 SE2d 458) (2000). The trial court charged the jury that "assault is an intent to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury." Viewing the evidence in a light most favorable to the jury's verdict, a rational trier of fact could conclude that Thompson assaulted the victim with his gun, a deadly weapon, by shooting it toward the victim, an act which placed the victim in reasonable apprehension of receiving a violent injury. See *Dukes v. State*, 264 Ga. App. 820, 824 (4) (592 SE2d 473) (2003) (a rational trier of fact could conclude that defendant committed the crime of aggravated assault by shooting his gun toward the victim).

Thompson argues that he did not intend to assault the victim, but that he fired the shots in order to quell the disturbance in the parking lot. However, the evidence showed that Thompson intended to commit the act which "place[d] another in reasonable apprehension of immediately receiving a violent injury," OCGA § 16-5-20 (a) (2). See *Williams*, supra at 13-14 (victim's reasonable apprehension of receiving an immediate violent injury established crime of aggravated assault). "There is an intent of the accused that must be shown, but it is only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim." (Citation and footnote omitted.) *Maynor v. State*, 257 Ga. App. 151, 156 (570 SE2d 428) (2002). Accordingly, we find the evidence was sufficient to support Thompson's conviction for aggravated assault under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Thompson also claims that the trial court erred by denying his motion in limine to prevent the prosecution from presenting evidence that his nickname was "Shotgun." We disagree. A trial court's ruling on a motion in limine is reviewed for abuse of discretion. See *Johnson v. State*, 275 Ga. 650, 652 (3) (571 SE2d 782) (2002).

Our Supreme Court has held that reference to a defendant by his nickname does not reflect on the defendant's bad character. *Riley v. State*, 268 Ga. 640, 643 (4) (491 SE2d 802) (1997). See *Burtts v. State*, 269 Ga. 402-403 (2) (499 SE2d 326) (1998) (trial court did not err in allowing witnesses to refer to defendant by his nickname, "Killer Corey," in defendant's murder trial). Thompson nevertheless relies on Justice Sears's suggestion in *Burtts*, supra, through her special

concurrence, that "trial courts should consider whether the probative value associated with recitation of the street name in the jury's presence is outweighed by the prejudicial impact of the jury's hearing the defendant referred to by a nickname that explicitly suggests guilt." Id. at 404. However, even if we review the trial court's ruling in light of the approach suggested by Justice Sears, we must conclude that the trial court did not abuse its discretion in allowing testimony as to Thompson's street name. The testimony was probative of the issue of identification, and the nickname "Shotgun" did not explicitly suggest Thompson's guilt of aggravated assault. Accordingly, we conclude that the trial court did not abuse its discretion in denying Thompson's motion in limine.

3. Finally, Thompson claims the trial court erred by failing to give his requested jury charge on the lesser included offense of reckless conduct. Again, we disagree.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." State v. Alvarado, 260 Ga. 563, 564 (397 SE2d 550) (1990). "However, when the evidence establishes all of the elements of the indicted offense and there is no evidence [showing] the lesser offense, there is no error in refusing to charge the lesser offense." Anderson v. State, 264 Ga. App. 362, 365 (3) (590 SE2d 729) (2003).

Thompson testified that he procured a gun from a neighbor in order to "get these folks attention, man, stop all the arguing," and then stepped in between the victim and the person the victim was arguing with, before firing the gun twice. While Thompson testified he "ain't . . . shot at" the victim, Thompson intentionally fired the gun, he was aware of the victim's location, and his testimony was consistent with the victim's testimony that Thompson aimed toward the victim, toward the ground. Thus, "[t]here was no evidence that [Thompson] was simply negligent in either pointing or firing the pistol and thus no evidence of reckless conduct." Anthony v. State, 276 Ga. App. 107, 110 (3) (622 SE2d 450) (2005). See Tew v. State, 246 Ga. App. 270, 274-275 (6) (539 SE2d 579) (2000) (where evidence showed that defendant pointed his gun at the victims and fired, and there was no evidence that he was negligent in doing so, it was not error for the court to refuse to charge on reckless conduct as lesser included offense of aggravated assault); Hall v. State, 235 Ga. App. 44, 46-47 (4) (508 SE2d 703) (1998) (criminal negligence, which is an essential element of reckless conduct, was lacking where evidence showed defendant deliberately pointed a pistol at the victim). Shaw v. State, 238 Ga. App. 757 (519 SE2d 486) (1999), relied upon by Thompson, is factually distinguishable because the defendant in that case "might have merely fired a gun out of the car up into the air while the police were

chasing the car in which he was riding." Id. at 759 (1). Therefore, we conclude the trial court did not err in refusing to give a charge on reckless conduct as a lesser included offense of aggravated assault.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2006.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney*, for appellee.