## A06A2072. MARTIN v. THE STATE.
(642 SE2d 340)

JOHNSON, Presiding Judge.

Rahim Martin was indicted on charges of aggravated assault and theft by taking (motor vehicle). A jury found him guilty of simple assault and theft by taking. He appeals from the conviction entered on the verdict, contending the trial court erred in failing to charge the jury on reckless conduct as a lesser included offense of aggravated assault when there was evidence he was reckless, and no evidence he intended to injure the victim. The trial court properly declined to charge the jury on reckless conduct.

Viewed in a light most favorable to the verdict, the evidence shows that Martin dated Vanessa Hull until about February or March 2005. In May 2005, somebody dropped Martin off at Hull's home. Martin was "drunk and high" at the time. Not wanting him at her house, Hull offered to drive him somewhere else. She began driving Martin in her father's car. Martin told Hull he was going to kill her, then he grabbed her around her throat. Hull screamed, put the car in park, and tried to get out. At the same time, Martin moved

[1] 280 Ga. 639 (632 SE2d 95) (2006).
[2] 29 USC § 1001 et seq.
[3] 274 Ga. App. 381 (617 SE2d 637) (2005).

over into the driver's seat and tried to push Hull out of the car, but she somehow became caught. With Hull still entangled in the car, Martin started driving, dragging Hull through the street. Hull continued screaming, and was dragged the length of a house before she became untangled. She received injuries to her hip, knee, and ankle. Throughout the ordeal, Martin did not stop the car, slow down, or check to see if Hull was injured or needed help. The car was recovered in another area of town a short time later.

Aggravated assault, as charged in the indictment in this case, is committed when a person assaults with intent to rob.[1] Simple assault is committed when a person either attempts to commit a violent injury to a person or commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[2] Reckless conduct is committed when a person causes bodily harm to or endangers the safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person, and the disregard is a gross deviation from the standard of care which a reasonable person would exercise in the situation.[3] Although reckless conduct can be a lesser included offense of aggravated assault, the trial court need not charge on this lesser included offense absent a factual predicate which reasonably raises it.[4] Where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.[5]

Martin contends the record is replete with evidence of recklessness, and that it contains no evidence that he intended to injure Hull by driving off. However, the evidence shows that just before dragging Hull, Martin threatened to kill her, grabbed her around her throat, pushed her out of the car and, as she was caught on the outside of the car and screaming, continued to drive. Martin drove away in the car, leaving Hull in the street. Reckless conduct involves criminal negligence.[6] Here, there is no evidence that Martin was simply negligent when he drove the car with Hull caught on the outside. Under the circumstances, if Martin was guilty of a crime, it was either aggravated assault or simple assault.[7] Absent a factual basis for the

---

[1] OCGA § 16-5-21 (a) (1).
[2] OCGA § 16-5-20 (a).
[3] OCGA § 16-5-60 (b).
[4] *Carter v. State*, 228 Ga. App. 403, 404 (492 SE2d 259) (1997).
[5] *Van Doran v. State*, 244 Ga. App. 496, 497 (536 SE2d 163) (2000).
[6] *Merneigh v. State*, 242 Ga. App. 735, 737 (3) (531 SE2d 152) (2000).
[7] See generally id. at 738 (3).

reckless conduct instruction, the trial court properly rejected that request to charge.[8]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 21, 2007.

*James E. Jarvis, Jr.*, for appellant.
*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[8] See *Carter*, supra; *Van Doran*, supra.