A07A1684. CAIN v. THE STATE.
(654 SE2d 456)

ANDREWS, Presiding Judge.

Algernon Cain appeals from the judgment entered after a jury found him guilty of two counts of aggravated assault. Cain argues that the evidence was insufficient to support the verdict and also claims that the trial court erred in refusing to charge the jury on reckless conduct. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that on the night in question, Tiffany Allen, one of the victims, was standing outside talking to an acquaintance and holding her one-year-old son in her arms. Cain, the father of her son, drove up and called to her to come over to his van. Allen said that Cain was angry because she had "put him on child support."

Allen told investigators that Cain pointed a gun at her and the baby, and when she turned to go into the house, she heard gunshots behind her. At trial, however, Allen denied that Cain pointed the gun at her and the child, and also denied that he had fired the gun.

The State then put into evidence Allen's request for a dismissal of the charges against Cain. In the request for dismissal, Allen stated that she believed that Cain did not mean to point a gun at her and his son, and also stated that Cain had told her that he was sorry for doing so.

An officer testified that he was called to Allen's home after receiving a 911 call. He said that Allen told him that Cain pointed a gun at her while she was holding her 18-month-old son and appeared afraid that Cain might come back.

Allen's mother testified that she was home on the night in question and saw Cain's van outside their house and saw her daughter talking to Cain. Allen's mother was inside the house when she heard gunshots. She said that her daughter came in carrying her baby, hysterical and crying. Allen told her mother that Cain pointed a gun at her and the baby and then fired the gun in the air. Allen's mother said they called the police and that she later went with her daughter to take out a restraining order against Cain. She said that six months later, Allen began seeing Cain again.

A victim's advocate who was qualified as an expert witness in domestic violence testified that Allen was a victim of abuse in her relationship with Cain and it was typical for these victims to later minimize or pretend that the violent acts did not happen.

A neighbor testified that he saw Allen and Cain arguing on the night in question. Cain had the baby and Allen was saying, "You're scaring the baby. Give me my baby." The neighbor said that he saw Allen grab the baby and begin to run frantically up the driveway and then he heard two gunshots. At that point, the van sped off, and the neighbor went over to see if Allen was all right. The neighbor said that Allen and the baby were both crying and scared.

In his defense, Cain called another neighbor who testified that he and Cain were friends. He said that Cain was coming to pick him up on the night in question. The friend testified that he saw Cain talking to Allen, but did not hear any gunshots.

1. The evidence was sufficient to support the verdict. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994); *Dolphus v. State*, 218 Ga. App. 565 (462 SE2d 453) (1995).

A person commits the offense of aggravated assault when he or she commits an act which places another in reasonable apprehension of immediately receiving a violent injury. *Williams v. State*, 208 Ga. App. 12, 13-14 (430 SE2d 157) (1993); OCGA § 16-5-21. The evidence at trial was that Cain pointed a gun at Allen and her baby and fired the gun as Allen was running back up the driveway with her baby. There was evidence that Allen was hysterical and crying, the baby was crying, and the whole family was scared. Accordingly, the evidence was sufficient for the jury to find Cain guilty of aggravated assault on Allen and her baby beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Cain also contends that although the court charged the jury on the lesser included offenses of pointing a gun and simple assault, the court erred in refusing his request to charge the jury on the offense of reckless conduct.

> A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, when the evidence establishes all of the elements of the indicted offense and there is no evidence showing the lesser offense, there is no error in refusing to charge the lesser offense.

(Citations and punctuation omitted.) *Thompson v. State*, 277 Ga. App. 323, 325 (626 SE2d 825) (2006).

The offense of reckless conduct is set out in OCGA § 16-5-60 (b) as follows:

> A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a sub-stantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.

Thus, "reckless conduct is not an intentional act but rather one of criminal negligence which causes bodily harm or endangers the bodily safety of another." *Banta v. State*, 282 Ga. 392, 397-398 (651 SE2d 21) (2007). "Although reckless conduct can be a lesser included offense of aggravated assault, the trial court need not charge on this lesser included offense absent a factual predicate which reasonably raises it." (Footnote omitted.) *Martin v. State*, 283 Ga. App. 652, 653 (642 SE2d 340) (2007).

Here, there is no evidence that Cain was negligent when he fired the gun. Therefore, absent a factual basis for the reckless conduct instruction, the trial court properly refused that request to charge. *Martin*, supra at 653-654. See also *Thompson*, supra at 325 (no evidence that defendant was simply negligent in either pointing or firing the pistol and thus no evidence of reckless conduct); *Anthony v. State*, 276 Ga. App. 107, 110 (622 SE2d 450) (2005) (evidence was that defendant intended to put victim in fear of bodily injury and therefore trial court did not err in refusing to give charge on reckless conduct); *Tew v. State*, 246 Ga. App. 270, 274-275 (539 SE2d 579) (2000) (not error to refuse to charge on reckless conduct where evidence was that

defendant pointed his gun at the victims and fired); *Hall v. State*, 235 Ga. App. 44, 46-47 (508 SE2d 703) (1998) (criminal negligence, which is an essential element of reckless conduct, was lacking where evidence showed defendant deliberately pointed a pistol at the victim).

 *Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED NOVEMBER 21, 2007.

 *Eldridge Suggs IV*, for appellant.
 *Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.