A08A0962. YOUNG v. THE STATE.
(669 SE2d 407)

MIKELL, Judge.

A Hall County jury convicted Dennis James Young of aggravated assault on a police officer, felony obstruction of an officer, possession of methamphetamine, fleeing and eluding a police officer, a stop sign violation, and operating a vehicle with an improper tag. On appeal, Young raises one enumeration of error in connection with his conviction for aggravated assault on a police officer, for which he was sentenced to fifteen years, eight to serve in confinement and the remainder on probation.[1] In his motion for new trial and on appeal, Young argues that the trial court erred when it failed to give his requested charge on reckless driving as a lesser included offense. We agree and reverse Young's conviction of aggravated assault upon a police officer.

---

[1] Young was also sentenced to serve fifteen years, eight to be served in confinement, on each of his convictions for felony obstruction of an officer and possession of methamphetamine.

Construing the evidence in favor of the verdict, the evidence pertinent to the issue on appeal shows that at approximately 5:50 p.m. on February 24, 2005, Deputy Jeff Shoemaker of the Hall County Sheriff's Office had finished a traffic stop and was preparing to enter the lane of travel from the side of the road when he noticed a blue pickup truck approaching from the rear. Looking in his rearview window, Shoemaker noticed that the truck's right front tire was not fully inflated and decided to exit his vehicle to inform the driver of the condition of his tire. Shoemaker testified that he gestured to the driver to stop and asked him if he knew about the tire; that Young, whom he identified at trial, was the driver of the vehicle and that two female passengers were also in the truck;[2] and that he asked Young for his driver's license and insurance card. At that time, Shoemaker intended to let Young and his passengers proceed if Young's documents were in order.

As Young and his passengers looked around the truck for the requested documents, Shoemaker noticed that Young seemed unresponsive, that he was sweating profusely even though it was 50 to 60 degrees outside, that the veins in his neck were distended, and that he was nervous and fidgety. According to Shoemaker, Young then asked if he could pull over to the side, and Shoemaker told him that he could not, at which time Shoemaker remotely turned on the video camera on his patrol car. Shoemaker recalled that he saw Young look at his passengers; then suddenly, Shoemaker heard and saw the movement of the gearshift in the truck. He tried to reach in to grab it but removed his hand after hearing the engine revving and seeing Young turn the steering wheel. Shoemaker backed up to get out of the way, and the truck accelerated and drove off, making a skidding sound, and brushing against Shoemaker. Shoemaker testified that the skidding sound could be heard on the videotape, which was played for the jury.

Shoemaker saw Young's truck strike a car that was traveling on the roadway. Once the vehicles came to rest, Shoemaker approached Young's vehicle and ordered him out of the truck. Shoemaker recalled that Young did not comply, and Shoemaker then pulled his weapon and again ordered Young to exit the vehicle. Shoemaker grabbed Young's left arm and left foot and pulled him from the vehicle while Young kicked at him. Shoemaker testified that he had to use physical force to get Young under control and into handcuffs.

Young testified that when he stopped his truck, the front wheels were already turned to the left because he was attempting to go

---

[2] The two passengers were Linda Young, appellant's mother, and Amanda Massey, Young's fiancée, neither of whom testified at trial.

around the police car on the side of the road; that when the officer approached the truck, he was frightened by the tone of the officer's voice; and that he recalled asking the officer if he could pull over and the officer telling him that he could not. According to Young, the officer did not reach into the truck and was three feet away from it the entire time. Young explained that he has panic attacks, which cause an inability to control his conduct; and that when he drove off he was "just trying to get away." Young stated that he did not intend to hit the officer with his truck and that he did not turn the steering wheel toward the officer as it was already turned in his direction when Young first stopped the truck. Young denied that he was trying to use the truck as a device to cause the officer serious bodily injury. Young acknowledged that he ran the stop sign at the nearby intersection and crashed into an oncoming car. Young also testified that the officer pulled him from the truck, threw him on the ground, and repeatedly hit and kicked him.

Count 1 of the indictment against Young charged him with the offense of aggravated assault on a peace officer, specifically that he

> did unlawfully make an assault upon the person of Jeff Shoemaker of the Hall County Sheriff's Office, knowing said Jeff Shoemaker was a peace officer engaged in the performance of his official duties, said assault being with a motor vehicle, a device which, when used offensively against a person, is likely to result in serious bodily injury by swerving and accelerating said vehicle towards Deputy Jeff Shoemaker.

Under this count, the jury was allowed to consider two lesser included offenses: simple assault and obstruction of an officer (felony).[3] Young requested the following charge: "any person who drives any vehicle in reckless disregard for the safety of persons or property is guilty of the offense of reckless driving." The trial court refused Young's reckless driving charge on the grounds that it was not tailored to the evidence, particularly Young's trial testimony. On appeal, Young challenges this ruling, and we agree with Young.

---

[3] See OCGA § 16-5-20 (a) ("[a] person commits the offense of simple assault when he or she either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury"). OCGA § 16-10-24 (b) provides that
> [w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

The law is clear that

> [a] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, when the evidence establishes all of the elements of the indicted offense and there is no evidence showing the lesser offense, there is no error in refusing to charge the lesser offense.[4]

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[5] Aggravated assault upon a police officer occurs when "[a] person . . . knowingly commits the offense of aggravated assault upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties."[6]

The question here is whether there was any evidence that established the crime of reckless driving, which is committed when a person "drives any vehicle in reckless disregard for the safety of persons or property."[7] Reckless driving requires an act of criminal negligence, rather than an intentional act.[8] "Criminal negligence involves reckless and wanton negligence of such character as to show utter disregard for safety of others who might reasonably be expected to be injured thereby."[9] Therefore, in order to convict a person of reckless driving, the evidence must show that the person drove in a manner that exhibited a reckless disregard for the safety of persons or property.[10]

Young testified that when he made the decision to drive off, Officer Shoemaker was not near his vehicle. Young maintained that he did not turn his wheels toward the officer or swerve the vehicle in

---

[4] (Citation and punctuation omitted.) *Thompson v. State*, 277 Ga. App. 323, 325 (3) (626 SE2d 825) (2006), citing *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). See also OCGA § 16-1-6, which provides that
> [a]n accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

[5] OCGA § 16-5-21 (a) (2).

[6] OCGA § 16-5-21 (c).

[7] OCGA § 40-6-390 (a).

[8] *Carrell v. State*, 261 Ga. App. 485, 486 (1) (583 SE2d 167) (2003).

[9] (Citation omitted.) *Watkins v. State*, 290 Ga. App. 41, 43 (2), n. 8 (658 SE2d 812) (2008).

[10] *Hughes v. State*, 290 Ga. App. 475, 476 (1) (a) (659 SE2d 844) (2008).

the officer's direction and that he was not trying to hurt Officer Shoemaker. Additionally, Young testified that had the officer been in a place where Young thought he could have been hurt by the truck, Young would not have driven away. However, Officer Shoemaker testified that he was standing close enough to Young's truck to try to grab the gearshift, that he had to back up to get out of the way of the truck when Young suddenly drove off, and that the truck brushed against him. Accordingly, there was evidence from which the jury could have believed that Young committed the offense of reckless driving by recklessly brushing his truck against Officer Shoemaker.

Young cites *Bowers v. State*[11] and *Shaw v. State*[12] in support of his position that the trial court should have charged the jury on reckless driving. The state argues that these cases are inapplicable because both involve requested charges on reckless conduct, rather than reckless driving, as a lesser included offense of aggravated assault. However, we find that the cases are analogous to the instant case because both contain evidence of acts of criminal negligence. In *Bowers*, the indictment alleged that the defendant committed aggravated assault when he unlawfully assaulted the victim with a deadly weapon, by shooting him.[13] We held that the charge on reckless conduct should have been given because the evidence authorized the jury to find criminal negligence by reason of the defendant's testimony that he accidentally shot the victim, whom he did not know was present when he tossed a can up in the air for target practice while camping in the woods.[14] In *Shaw*, we held that the defendant was entitled to a charge on the offense of reckless conduct as a lesser included offense of aggravated assault with a deadly weapon by attempting to injure another person.[15] There, there was some testimony that the defendant committed an act of criminal negligence by firing a gun into the air as opposed to at the police officers who were chasing the car in which the defendant was riding.[16]

In this case, there was evidence from which the jury could have concluded that Young did not intend to injure Officer Shoemaker but that Young's decision to drive off suddenly with Officer Shoemaker in close proximity to Young's truck was nonetheless an act of criminal negligence, which would have supported a conviction for reckless driving. As stated earlier, a written request to charge must always be given where there is evidence that the defendant may be

---

[11] 177 Ga. App. 36 (338 SE2d 457) (1985).
[12] 238 Ga. App. 757 (519 SE2d 486) (1999) (physical precedent only).
[13] *Bowers*, supra.
[14] Id. at 39 (2).
[15] *Shaw*, supra at 759 (1).
[16] Id.

guilty of the lesser offense.[17] Under the circumstances in this case, the trial court should have given Young's requested charge on the offense of reckless driving. Therefore, Young is entitled to a new trial on Count 1 of the indictment, which charged the offense of aggravated assault upon a police officer.

*Judgment reversed and case remanded for new trial. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 24, 2008.

*Watson & Watson, Anne L. Watson, Sidney O. Smith III*, for appellant.

*Lee Darragh, District Attorney, Vanessa E. Sykes, Assistant District Attorney*, for appellee.

---

[17] *Thompson*, supra. Compare *Craft v. State*, 254 Ga. App. 511, 522 (13) (563 SE2d 472) (2002) (charge on lesser offense not mandated where evidence establishes either the commission of the charged offense or of no offense).