**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 28, 2023**

# In the Court of Appeals of Georgia

A23A1140. THE STATE v. SMALL.

MILLER, Presiding Judge.

In connection with a shooting incident, a jury found Percy Small guilty of aggravated assault with a deadly weapon and various other offenses. The trial court granted Small's motion for new trial in part, determining that Small received ineffective assistance of counsel based on his trial attorney's failure to request a jury instruction on reckless conduct as a lesser included offense of aggravated assault. The State now appeals, arguing that the trial court erred in granting Small a new trial because the court misapplied the law and made clearly erroneous findings. We agree that the trial court erred in determining that Small received ineffective assistance, and therefore we reverse the trial court's grant of a partial new trial.

The record shows that on an evening in November 2015, Anthony Lundy and Demeco Person were driving in a white van in a Fulton County neighborhood, headed to a friend's home for a birthday party. It was dark, however, and the men had difficulty finding the apartment. An individual saw the van and announced to a group of men, including Small, that it appeared that "some boys [were] riding around the hood" to attempt a robbery. Small and two other men saw the white van in the vicinity and began firing at it and toward the air. A witness heard approximately 12 gunshots, and multiple bullets hit the van. Lundy was shot and killed.

Small was indicted on 11 counts, including malice murder, felony murder, and aggravated assault with a deadly weapon. Count 7 of the indictment alleged that Small and the other two shooters committed aggravated assault with a deadly weapon by "shooting [Lundy] with a handgun. . . ." Count 8 alleged that Small and the other two shooters committed aggravated assault with a deadly weapon by "shooting at, toward, and in [Person's] direction with a handgun. . . ." At trial, the jury was instructed on the principle of parties to a crime. Small was found guilty of five counts: two counts of aggravated assault with a deadly weapon, one count of possession of a firearm during the commission of a felony, and two counts of possession of a firearm by a convicted felon. He was acquitted on the remaining

counts and sentenced to serve 65 years in confinement. In his motion for new trial, Small argued that he received ineffective assistance of counsel because his trial attorney failed to request a jury instruction on the lesser included offense of reckless conduct. At the motion hearing, Small's trial counsel acknowledged that discharging a firearm into the air could constitute reckless conduct, but he testified that he did not see any basis for requesting such a charge. Instead, he requested a jury instruction on the lesser included offense of discharge of a pistol near a public highway, which had been rejected by the trial court.

Following the hearing and the submission of additional letter briefs, the trial court granted Small's motion for new trial in part. The court reasoned that Small's trial counsel performed deficiently by not requesting a jury instruction on reckless conduct, after first failing to perform research to determine that the lesser included instruction that he had requested was foreclosed by precedent. Also, the trial court found that a charge on reckless conduct was supported by slight evidence based on Small's statement to law enforcement that he merely fired his gun into the air while standing on a street corner. Ultimately, the court found that if the jury had been presented with the possibility of finding Small guilty of reckless conduct and had accepted this lesser offense as its verdict, it would have operated as an acquittal on

3

the two aggravated assault counts (Counts 7 and 8), possession of a firearm during the commission of a felony (Count 10), and one count of possession of a firearm by a convicted felon (Count 15). Applying this rationale, the trial court granted Small a new trial on these four counts. The State now appeals.

In two related claims of error, the State contends that (1) the trial court misapplied the law when determining that Small's trial counsel performed deficiently in not requesting a jury charge on reckless conduct; and (2) the trial court erred in finding that the facts of this case provided evidence of reckless conduct. We agree that the trial court erred in granting Small a partial new trial because Small's act of firing into the air constituted aggravated assault — not reckless conduct — and therefore Small's trial counsel did not render deficient performance by not requesting a jury charge on reckless conduct as a lesser offense.

In assessing whether Small received ineffective assistance of counsel, we apply the two-pronged test set out in *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

> To show that the performance of his lawyer was deficient, [Small] must prove that his lawyer performed [his] duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. As for prejudice, the proper standard

4

requires [Small] to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. If the defendant fails to satisfy either prong of the *Strickland* test, this Court is not required to examine the other.

*State v. Harris*, 301 Ga. 234, 237 (2) (799 SE2d 801) (2017). A claim of ineffective assistance of counsel is a mixed question of law and fact. Id. "Therefore, when reviewing a trial court's decision to grant a motion for new trial based on ineffective assistance of counsel, we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law[,] which we apply independently to the facts." (Citation and punctuation omitted) Id. As to lesser included offenses, the evidence that a defendant committed a lesser offense "does not need to be persuasive, but it must exist." *Daniel v. State*, 301 Ga. 783, 785 (II) (804 SE2d 61) (2017). To this end, a defendant "cannot prevail on an ineffective assistance claim based on trial counsel's decision to forgo pursuing jury charges that were unsupported by the evidence." *Menefee v. State*, 301 Ga. 505, 510 (2) (b) (801 SE2d 782) (2017).

Mindful of these principles, we conclude that evidence that Small fired warning shots into the air constituted a showing of aggravated assault with a deadly weapon. An aggravated assault can be committed either by (1) attempting to commit a violent injury to the person of another; or (2) committing an act that places another in reasonable apprehension of immediately receiving a violent injury. OCGA §§ 16-5-20 (a) (1) - (2), 16-5-21 (b) (2) (2015).[1] There is no question that a warning shot can be an aggravated assault. *Pyatt v. State*, 298 Ga. 742, 756 (6) (b) n.16 (784 SE2d 759) (2016). In contrast to aggravated assault, reckless conduct "is an act of criminal negligence, rather than an intentional act, that causes bodily harm or endangers the bodily safety of another." (Citation omitted.) *McIver v. State*, 314 Ga. 109, 128 (2) (d) (875 SE2d 810) (2022). Axiomatically, therefore, "a charge on reckless conduct is warranted only when there is evidence that the defendant acted negligently." *Soto v. State*, 303 Ga. 517, 521 (1) (a) (813 SE2d 343) (2018).

First, we note that evidence that Small and the other two shooters were firing toward the air *and at the van* would support Small's conviction as a party to the crime

---

[1] The trial court instructed the jury on both of these methods of simple assault.

of aggravated assault with a deadly weapon.[2] *Cammer v. State*, 263 Ga. App. 277 (2) (587 SE2d 656) (2003). There was no evidence that the other two shooters were merely negligent in firing their weapons.

Second, the trial court erroneously found, as a factual matter, that there was evidence of reckless conduct. Aside from Small's admission that he discharged a weapon into the air, there was additional evidence that he acted with the specific intention of scaring the victims. At trial, a detective testified that Small admitted to firing "a couple" warning shots into the air to "scare" off the occupants in the van. This testimony is mirrored in Small's written statement, in which Small attested, "I fired a warning shot in the air. Letting them know to get gone." To the extent that Small fired a weapon into the air, the evidence undisputably shows that he was an intentional actor, as opposed to a negligent actor, because he fired with the specific purpose of inciting the victims to leave the area. "There was no evidence that [Small] was simply negligent in either pointing or firing the pistol and thus no evidence of reckless conduct." *Anthony v. State*, 276 Ga. App. 107, 110 (3) (622 SE2d 450)

---

[2] At the hearing on the motion for new trial, the trial court appeared to suggest that Small's acquittal on the murder counts would be inconsistent with his being found guilty as a party to the crime on the aggravated assault counts. It is well-settled, however, that there is no prohibition against inconsistent verdicts. *Smith v. State*, 348 Ga. App. 643, 645 (1) (824 SE2d 382) (2019).

(2005). See also *State v. Springer*, 297 Ga. 376, 381 (1) (774 SE2d 106) (2015) (distinguishing a reckless actor from an intentional actor and recognizing that an intentional actor "either has a purpose to do the thing specified or believes that the act performed will cause that result"). In this case, given the evidence surrounding Small's state of mind when firing the weapon, Small's actions constituted aggravated assault with a deadly weapon, and he would not have been entitled to a jury charge on reckless conduct as a lesser included offense. *Huguley v. State*, 242 Ga. App. 645, 649 (1) (b) (529 SE2d 915) (2000) (jury instruction on reckless conduct was not warranted because the evidence clearly established that the defendant fired his weapon with the intention of scaring the victims, even if he did not intend to hit them, establishing aggravated assault). See also *Craft v. State*, 309 Ga. App. 698, 707 (7) (a) (710 SE2d 891) (2011).[3]

---

[3] Small argues that the aggravated assault counts required "an attempt to cause a violent injury by shooting" and not a "reasonable apprehension"of injury. But, the State did not specify the manner of the underlying simple assault, and so the indictment "put [Small] on notice that he could be convicted for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute, so long as the State proved that he did so by use of a gun." *Simpson v. State*, 277 Ga. 356, 358 (3) (589 SE2d 90) (2003) (indictment alleged that the defendant committed aggravated assault by shooting the victim with a gun).

Although the trial court relied on *Shaw v. State*, 238 Ga. App. 757 (519 SE2d 486) (1999) (physical precedent only) in determining that reckless conduct was included in the aggravated assault counts and supported by slight evidence, the court's reliance on *Shaw* was misplaced. In *Shaw*, this Court analyzed whether the defendant was entitled to a reckless conduct charge as a lesser included offense of aggravated assault with a deadly weapon for *attempting to injure* the officers that were pursuing him, where there was evidence that the defendant merely fired a gun into the air. Id. at 759 (1).[4] The Court held that the defendant may not have intended to injure the officers, and his actions constituted criminal negligence and, in turn, reckless conduct. Id.[5] Crucially, however, the Supreme Court of Georgia has explained that "the mens rea of criminal negligence is unconcerned with the consequences of a defendant's act but defines a mental state where an individual, conscious of the substantial and unjustifiable risk involved, nevertheless disregards that risk." *Springer*, supra, 297 Ga. at 381 (1). On the other hand, "in a case of

---

[4] We note that the *Shaw* Court did not analyze whether the defendant could have been found guilty *as a party* to the crime of aggravated assault with a deadly weapon for attempting to injure another person. *Shaw*, supra, 238 Ga. App. at 759 (1).

[5] The trial court also cited *Shorter v. Waters*, 275 Ga. 581 (571 SE2d 373) (2002), which merely referenced the *Shaw* decision to adjudicate an appeal filed by Shaw's co-defendant.

9

aggravated assault, placing another in fear of receiving a violent injury is the intended consequence of the defendant's act[.]" (Citation and emphasis omitted.) *Huguley*, supra, 242 Ga. App. at 648-649 (1) (b). Indeed, the *Shaw* Court recognized that "a reckless conduct charge is not warranted for an aggravated assault committed by placing another in reasonable apprehension of immediately receiving a violent injury." *Shaw*, supra, 238 Ga. App. at 759 (1). In this case, Small's convictions for aggravated assault with a deadly weapon would stand under the reasonable apprehension prong of OCGA § 16-5-20 (a), and the *Shaw* decision does not control the result here.

Given the absence of evidence of reckless conduct in this case, Small's trial counsel did not perform deficiently in not requesting such a charge as a lesser offense of aggravated assault, and Small did not receive ineffective assistance of counsel. *Jeffrey v. State*, 296 Ga. 713, 716-717 (2) (770 SE2d 585) (2015) (counsel was not deficient in not requesting a jury charge on a lesser offense that was unsupported by the evidence). Accordingly, Small is not entitled to a new trial as to Counts 7, 8, 10, and 15 of the indictment, and we reverse the trial court's grant of a partial new trial as to these counts.

*Judgment reversed. Mercier, C. J., and Hodges, J., concur.*

10