## A10A1287. PRINCE v. THE STATE.
### (702 SE2d 785)

BARNES, Presiding Judge.

Deryl Prince was tried and convicted of aggravated assault and interference with an emergency medical professional. He appeals, arguing that the evidence was insufficient to convict him on either count, and that the trial court erred in refusing to charge the jury on reckless conduct as a lesser included offense of aggravated assault. For the reasons that follow, we affirm.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Strickland v. State*, 221 Ga. App. 516 (1) (471 SE2d 576) (1996). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Prince was charged with aggravated assault with a knife, an object which, when used offensively, is likely to cause serious bodily injury (OCGA § 16-5-21 (a) (2)). He was also charged with interfering with an emergency medical professional for knowingly and wilfully obstructing a lieutenant in the lawful discharge of his official duties by striking him on the shoulder (OCGA § 16-10-24.2 (b)). Viewing the evidence in favor of the jury's verdict, witnesses established that a five-person team of emergency medical personnel responded to a call about a person having a seizure. When the team arrived, they found the patient unconscious on the floor in an upstairs bathroom, attended by his wife and Prince. One of the emergency medical technicians asked Prince to step out and give them room to work, but Prince became belligerent and responded that he did not have to do what "that F-ing bitch told him to do." Prince's family convinced him to move away, and the emergency team eased the patient into the hall. The patient smelled of alcohol and reportedly had been taking narcotic pain medication for recent surgery, and became combative as he began to regain consciousness. Medical team members held the patient's legs, arms, and head so he would not hurt himself thrashing in the small hallway, and as the patient's wife talked to him, he recognized her and calmed down.

Meanwhile, as the medical personnel pinned down the patient, Prince, who also smelled of alcohol, became even more agitated and began yelling at them that they were hurting the patient. He insisted that the team needed to let him go to the patient and care for him,

but a team member told him several times to step back and let the team do its job. Prince tried to push his way past the lieutenant holding one of the patient's arms, but as the sergeant crouching at the patient's head explained, "there was no way to get around the lieutenant without going through him." The lieutenant asked Prince to back up several times and finally grabbed his pants leg, pulled him back, and told him sternly to back up or he would get in trouble.

Prince backed up and hit the lieutenant on his shoulder with an open hand, then began to yell obscenities and protest that he was being threatened. The sergeant saw Prince pull up his pants leg, retrieve a pocketknife from his sock or a leg holster, and step toward the lieutenant's back with the blade open. The sergeant testified that Prince had an "evil look on his face," and that he "saw it in [Prince's] eyes plain as day he was fixing to hurt" the lieutenant, so the sergeant turned his foot to lunge between them and quietly told the lieutenant that Prince had a knife. When the lieutenant turned and saw the knife in Prince's hand, he feared for the team's safety and radioed in a coded distress call that the team was in harm's way. Both the sergeant and the lieutenant said that Prince's actions interfered with their ability to care for the patient, because they had to turn their attention to the threat and away from the patient care.

Several team members testified that part of their job was to deal with agitated family members, and that reasoning with them was normally enough to make them calm down and step back, but Prince was an exception. None of the team had ever been at a rescue scene where anyone had used a coded distress call before. After Prince pulled the knife, some family members pulled him away, but the sergeant and lieutenant were concerned that he would return and hurt them. A deputy arrived at the scene moments later in response to the distress call and took Prince into custody.

The evidence as outlined above was sufficient for a rational trier of fact to find Prince guilty beyond a reasonable doubt of aggravated assault with a knife and interference with an emergency medical professional by hitting the lieutenant on the shoulder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prince also contends the trial court erred in refusing his request to charge reckless conduct as a lesser included offense of aggravated assault. A person commits reckless conduct when he

> causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of

care which a reasonable person would exercise in the situation.

OCGA § 16-5-60 (b). It is a crime of criminal negligence, and in some cases may be a lesser included offense of aggravated assault. See, e.g., *Bowers v. State*, 177 Ga. App. 36, 39 (2) (338 SE2d 457) (1985).

Several witnesses testified for the defense that Prince had used his pocketknife before the emergency personnel arrived to prevent the patient from "swallowing his tongue," and had rinsed the knife in the kitchen and placed it in his pocket. Prince argued that he was entitled to a charge on reckless conduct as a lesser included offense of aggravated assault because perhaps the team members had seen him handle the knife and mistakenly thought he was threatening them with it, but there is no evidence in that regard. The defense witnesses denied seeing Prince use the knife to threaten anyone on the emergency team, and thus, there is no evidence that Prince was simply negligent when he pulled a knife from his pants leg. The evidence established that he was either guilty of aggravated assault or not. "Where, as here, the evidence establishes either the commission of the completed offense as charged, or the commission of no offense, the trial court is not authorized to charge the jury on a lesser included offense." *Craft v. State*, 254 Ga. App. 511, 522 (13) (563 SE2d 472) (2002). Accordingly, we find no error in the trial court's refusal to give Prince's requested charge on reckless conduct.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 27, 2010.

*Lawrence W. Daniel*, for appellant.
*David McDade, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.