**THIRD DIVISION**
**ELLINGTON, P. J.,**
**MCFADDEN, AND MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 3, 2016**

# In the Court of Appeals of Georgia

A15A1848. WILSON v. THE STATE.

McFADDEN, Judge.

Kevin Wilson appeals from his conviction for aggravated assault against William Cade. He challenges the sufficiency of the evidence, but it was sufficient to support his conviction. He argues that the trial court erred in admitting evidence of an earlier altercation he had with Cade's sister (who was Wilson's former girlfriend); but we hold that the trial court did not abuse his discretion in admitting that evidence as other act evidence under OCGA § 24-4-404 (b), and consequently we do not reach the trial court's alternative ground for admitting it. Finally Wilson argues that he received ineffective assistance because his trial counsel objected to only one of the two grounds upon which the trial court admitted that evidence; but as it was

admissible, Wilson's trial counsel was not ineffective in failing to object to it on an alternative ground. We therefore affirm.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence showed that Wilson had been in a relationship with Cade's sister but the two had broken up in October 2011. Nevertheless, Wilson continued to share an apartment with his former girlfriend, their young child, and Cade, among others. On the morning of January 4, 2012, Wilson intercepted his former girlfriend as she was leaving the apartment with the child in her arms, approached her holding an open pocketknife with a six-inch blade, pointed

2

the knife at her, backed her and the child into a corner outside the apartment, threatened to cut her, and demanded that she give him the child. Wilson took the child into the apartment and his former girlfriend called the police. She did not press charges against Wilson but told the police and Wilson that she wanted him out of the apartment. She also told Wilson that she would pack his belongings for him to retrieve.

About 2:00 the next morning, Wilson returned to the apartment to retrieve his belongings, which had been placed near the front door. He entered the bedroom he had shared with his former girlfriend and began throwing things about and destroying her personal property. Cade entered the room, and Wilson approached him, cursing, talking about having pulled a knife on Cade's sister, and "getting more and more . . . hyped up." Cade told Wilson to leave and the two began to argue. Wilson reached for his knife and charged at Cade, who ran into another room; Wilson then grabbed Cade around the waist and the two began fighting. During the fight, Wilson stabbed Cade five times with the knife.

This evidence authorized the jury to find that Wilson committed aggravated assault against Cade. See OCGA § 16-5-21 (b) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any

3

object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."). Although Wilson challenges the credibility of some of the state's witnesses regarding his fight with Cade, it was for the jury, rather than this court, to determine those witnesses' credibility and resolve any conflicts or inconsistencies in the evidence. *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009).

2. *Admission of "other acts" evidence under OCGA § 24-4-404 (b).*

Pursuant to OCGA § 24-4-404 (b) ("Rule 404 (b)"), the trial court permitted the state to introduce evidence of the earlier altercation between Wilson and his former girlfriend for purposes other than to show Wilson's character. Wilson argues that this was error. We disagree.

"Rule 404 (b) permits the admission in cases of all sorts of evidence of 'other acts' relevant to any fact of consequence in the determination of the action, so long as the evidence is not offered to prove 'the character of a person in order to show action in conformity therewith.'" *State v. Frost*, 297 Ga. 296, 300 (773 SE2d 700) (2015) (footnote omitted). It is "an evidentiary rule of inclusion which contains a non-exhaustive list of purposes other than bad character for which other acts evidence is

4

deemed relevant and may be properly offered into evidence." *State v. Jones*, 297 Ga. 156, 159 (2) (773 SE2d 170) (2015) (citations omitted).

Georgia employs a three-prong test to determine the admissibility of evidence of other acts under Rule 404 (b): "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by undue prejudice; (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015) (citation and footnote omitted). As detailed below, the trial court did not abuse his discretion in applying this test and admitting the other acts evidence. See *Curry v. State*, 330 Ga. App. 610, 616 (1) (768 SE2d 791) (2015). (Because Wilson failed to provide the transcript of the Rule 404 (b) hearing in the record on appeal, our review is limited to the trial record and the transcript of the hearing on the motion for new trial, at which the Rule 404 (b) ruling was discussed. See *Smith v. State*, 304 Ga. App. 708, 709 (1) (699 SE2d 742) (2010).)

(a) *Prong one: relevance to an issue other than character.* The trial court admitted the evidence of Wilson's altercation with his former girlfriend for the purpose of proving his criminal intent, among other purposes. Wilson argues that this purpose was improper because aggravated assault is a crime of general intent. See

5

generally *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991) ("aggravated assault committed by means of a deadly or offensive weapon . . . requires only a general criminal intent") (citations omitted). But our Supreme Court has held that "other acts evidence may be relevant under Rule 404 (b), without regard to whether the charged crime is one requiring a specific or general intent, when it is offered for the permissible purpose of showing a criminal defendant's intent[.]" *Jones*, supra, 297 Ga. at 162 (2) (citation omitted). And Wilson's counsel argued to the jury at trial that Wilson's lack of criminal intent was "the biggest thing" in the case.

In this case, the state of mind required for the charged offense (aggravated assault against Cade) was the same as the state of mind required for the uncharged act against Wilson's former girlfriend (an act that also could constitute an aggravated assault). In both instances, Wilson intentionally pulled a knife during an altercation. See generally *Dunagan v. State*, 269 Ga. 590, 594 (2) (b) (502 SE2d 726) (1998) (offense of aggravated assault can require "criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury"). "[W]hen the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404 (b) test [relevance] is satisfied." *Bradshaw*, supra, 296

6

Ga. at 657 (3). Accord *Silvey v. State*, __ Ga. App. __, __ (1) (a) (__ SE2d __) (Case No. A15A1139, decided Nov. 20, 2015). "Having determined that the evidence was admissible as to intent . . . , we need not examine whether it was also admissible on the [other issues for which the trial court admitted it]." *Bradshaw*, supra, 296 Ga. at 657 (3) n. 5 (citation omitted).

(b) *Prong two: undue prejudice does not substantially outweigh probative value.* Wilson argues that the evidence of his earlier altercation with his former girlfriend should have been excluded on the ground that, under OCGA § 24-4-403 ("Rule 403"), "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." But "[i]t is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Terzado-Madruga*, 897 F2d 1099, 1119 (B) (11th Cir. 1990) (citation omitted; emphasis in original), cited by *Bradshaw*, supra, 296 Ga. at 658 (3). "Rule 403 is an extraordinary remedy that must be used sparingly because it results in the exclusion of concededly probative evidence." *United States v. US Infrastructure*, 576 F3d 1195, 1211 (II) (B) (2) (11th Cir. 2009) (citation omitted). Even in close cases, "the balance . . . is struck in favor of admissibility in determining whether its probative value is outweighed by the danger

7

of unfair prejudice." *Terzado-Madruga*, supra, 897 F2d. at 1119 (B). Although Wilson argues to this court that the probative value of evidence of the earlier altercation was "low or non-existent," the evidence was probative of the issue of his intent, which, as mentioned above, his trial counsel argued to the jury was "the biggest thing" in the case. The trial court did not abuse his discretion in balancing the other act's probative value against its prejudicial effect. See *Bradshaw*, supra, 296 Ga. at 657 (3).

(c) *Prong three: proof that Wilson committed the other act.* Although Wilson argues that the evidence "was insufficient to show that this prior bad act even occurred at all," his former girlfriend testified that Wilson had accosted and threatened her with the knife and another person testified to witnessing that altercation. This evidence was sufficient for the jury to find by a preponderance of the evidence that the other act was committed, thereby satisfying the third prong required for the admission of the other act evidence under Rule 404 (b). *Bradshaw*, supra, 296 Ga. at 658 (3).

3. *Admission of "other acts" evidence on alternative ground.*

Wilson argues that the trial court erred in admitting the evidence of his altercation with his former girlfriend on an alternative ground – that the altercation

was intrinsic to the subsequent aggravated assault against Cade. See generally *United States v. Wilson*, 788 F3d 1298, 1313-1314 (II) (A) (11th Cir. 2015) (11th Cir. 2015) (discussing admissibility of intrinsic evidence). Given our determination that the trial court did not err in admitting the evidence under Rule 404 (b), we need not address this claim of error.

4. *Ineffective assistance of counsel.*

Wilson argues that his trial counsel was ineffective in failing to challenge admissibility of the evidence of his altercation with his former girlfriend as intrinsic evidence. We find no merit to Wilson's argument because, as discussed above, the evidence was admissible on another ground, under Rule 404 (b). See *Daughtie v. State*, 297 Ga. 261, 266 (4) (773 SE2d 263) (2015) (counsel is not obligated to object to admissible evidence).

*Judgment affirmed. Ellington, P. J., and Mercier, J., concur.*