**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 5, 2016**

# In the Court of Appeals of Georgia

A16A1047. HARRIS v. THE STATE.

MᴄMɪʟʟɪᴀɴ, Judge.

Brandon Taurus Harris was charged with aggravated sodomy, aggravated sexual battery, and family violence battery under OCGA § 16-5-23.1 (f) (2). A jury found him guilty of family violence battery but acquitted him of the sex offense charges. He appeals following the denial of his motion for new trial, as amended, arguing in his sole enumeration of error that the trial court improperly admitted evidence of his prior convictions for family violence battery and simple battery. Finding no error, we affirm.

Construed to support the jury's verdict,[1] the evidence shows that at the time of the offense in August 2012, Harris, his girlfriend, and her child were living in the

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

home of the girlfriend's aunt and her then 20-year-old daughter, who is the victim in this case. A few weeks after Harris and his girlfriend moved in, they got into an argument and separately left the home. Later that evening, Harris called the victim and her mother, who said that Harris could come back to the house. The victim testified that she was talking on a cell phone in the living room when Harris arrived back at the house and that he went into her bedroom. She followed him into the bedroom and they talked briefly, but then the victim's mother came into the room and the victim left. After the victim's mother talked to Harris for a few minutes, she went back to her own bedroom. The victim then went back into her bedroom.

The victim testified that Harris had brought two bottles of liquor with him, and he kept encouraging her to drink some of the alcohol so she took a few sips. The victim said that at some point Harris started telling her he had always wanted to be with her instead of his girlfriend "and stuff like that." She responded that she had a boyfriend and at first just laughed it off, explaining that he had always been the "flirty type." She said they talked of other matters for a bit, but then he began telling her again that he wanted to be with her. The victim testified that Harris became sexually aggressive, grabbing her vagina through her pants and putting his other hand on the back of her head to try and make her kiss him. The victim said she kept telling Harris

2

to stop and tried to push him away, but he put his hand inside her pants and inside her vagina. She said that he also grabbed the back of her neck and pushed her head down toward his penis, attempting to push it into her mouth. The victim testified that she continued to struggle and pull away, and Harris grabbed her by the hair and started hitting her in the face with his fists. The victim testified that she was screaming and telling him to stop and was finally able to push him away and run out of the room.

The victim testified that she then ran through her mother's bedroom and into a bathroom. The victim said she took a bath and that she was attempting to text her boyfriend, but he did not text her back. She testified that she got out of the bath and re-dressed, and then she slowly walked back and peeked into the door of her room, where she saw Harris sleeping on her bed. The victim then walked outside and called her sister-in-law and then the police, who came to her home. The victim was examined at the home by paramedics, and pictures taken at the scene showing bruising and swelling to the victim's face and a split inside her lower lip were introduced at trial.

Prior to trial, the State gave notice that it intended to introduce evidence showing Harris had committed another act of family violence battery and a simple battery in 2009 against his estranged wife and her sister, respectively. The State

argued that the evidence was permissible to show motive, specifically that Harris uses physical violence to control women who have denied him something he wants. The trial court ruled that the evidence was admissible for that purpose, and after the trial court gave the jury limiting instructions, the two victims both testified at trial.

First, Harris' wife, from whom he had been estranged for a number of years, testified that in 2009, while she and Harris were still living in the same household, she and Harris started arguing when she refused to go to a fast food restaurant to get him something to eat. The argument escalated and she decided to leave so she started gathering up her belongings. Harris started punching her in the back of the head, and she curled up against the wall with her back to him to protect herself. She kept yelling at him to stop, and he quit hitting her and she left the house.

Harris' wife later returned to the house with her sister to get crates for her dogs. Harris would not let them in the house and started yelling and poking his sister-in-law in the face and pulling her hair and twisting her arm. Someone called the police, and Harris was subsequently charged with and entered guilty pleas to one count of family violence battery and one count of misdemeanor battery based on these incidents.

Harris now argues the trial court erred in admitting this evidence to show his motive because the other acts evidence was not relevant for that purpose and even if

it was, the probative value of the evidence was substantially outweighed by its undue prejudice.

Harris was tried after the effective date of the new Evidence Code and thus OCGA §§ 24-4-403 and 24-4-404 govern the admission of this evidence. OCGA § 24-4-404 (b) provides:

> Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

However, under OCGA § 24-4-403, even relevant evidence offered for a proper purpose may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id.; *State v. Jones*, 297 Ga. 156, 158 (1) (773 SE2d 170) (2015).

Georgia courts employ a three-part test to determine the admissibility of evidence of other acts under these code sections. *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015); *Jones*, 297 Ga. at 158 (1). To be admissible, the State must show that: (1) the extrinsic or other acts evidence is relevant to an issue other

than a defendant's character (OCGA § 24-4-404 (b)); (2) the probative value of the other acts evidence is not substantially outweighed by its unfair prejudice (OCGA § 24-4-403); and (3) there is sufficient proof so that the jury could find that the defendant committed the other act.[2] *Jones*, 297 Ga. 158-59 (1); *Bradshaw*, 296 Ga. at 656 (3); *Wilson v. State*, 336 Ga. App. 60, 62 (2) (783 SE2d 662) (2016). Relevance under the first prong of the test is determined by reference to OCGA § 24-4-401, which deems evidence relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. However, while "Rule 404 (b) explicitly recognizes the relevance of other acts evidence offered for a permissible purpose[, it] at the same time, prohibits the admission of such evidence when it is offered *solely* for the impermissible purpose of showing a defendant's bad character or propensity to commit a crime." (Emphasis in original.) *Jones*, 297 Ga. at 159 (2). We review the trial court's decision to admit other acts evidence for a clear abuse of discretion. *Bradshaw v. State*, 296 Ga. at 656.

---

[2] Harris, who entered guilty pleas to the prior offenses, makes no contention that the State failed to prove that he committed the crimes.

Here, at the urging of the State, the trial court admitted the other acts evidence to support Harris' motive in assaulting the victim. "Evidence of another crime may be admitted 'to show the defendant's motive for committing the crime with which he is charged, but not to demonstrate "a propensity to act in accordance with the character indicated by that [other crime or] conduct.' *United States v. Cunningham*, 103 F3d 553, 556 (7th Cir. 1996)." *Amey v. State*, 331 Ga. App. 244, 250 (1) (a) (770 SE2d 321) (2015). Our Supreme Court has defined motive "as the reason that nudges the will and prods the mind to indulge the criminal intent." (Citation and punctuation omitted.) *Bradshaw v. State*, 296 Ga. at 657. "[T]o be admitted to prove motive, extrinsic evidence must be 'logically relevant and necessary to prove something other than the accused's propensity to commit the crime charged.' Paul S. Milich Georgia Rules of Evidence § 11.3, p. 244 (2014)." *Brooks v. State*, 298 Ga. 722, 726 (2) (783 SE2d 895) (2016).

We find no abuse of discretion in the admission of the other acts evidence under the facts of this case. Although motive was not an element of the charged offense, the other acts evidence was relevant to shed light on why Harris reacted as he did when the victim did not acquiesce to his sexual advances. The victim testified that Harris hit her after she would not let him force his penis into her mouth and while

7

she was struggling to get up and away from him. Similarly, his wife testified that Harris began hitting her while she was attempting to pack her things and leave after she had refused to accede to his wishes, and her sister testified that he struck out at her physically while she was attempting to enter the premises to retrieve something for her sister. Thus, the other acts evidence showed Harris' willingness to use physical violence against female victims whom he knew in an attempt to intimidate them or bend them to his will when they did not accede to his demands or were otherwise acting against his wishes. Accordingly, the evidence was relevant for the permissible purpose of showing the impetus behind Harris' action of punching the victim in the face when she did not willingly agree to be his sexual partner. See *Smart v. State*, ___ Ga. ___ (788 SE2d 442) (2016) (evidence of acts of domestic violence committed against appellant's ex-wife admissible to show that control was the impetus behind appellant's violent behavior in trial for malice murder based on beating death of his then wife); *Anthony v. State*, 298 Ga. 827, 832 (4) (785 SE2d 277) (2016) (evidence of other acts such as cutting his wife's tires and threatening victim with a gun admissible in trial for murder because it showed "appellant's desire to take revenge and to provoke confrontation in response to his wife's affair with the victim"); *Bradshaw*, 296 Ga. at 657 (evidence of another murder committed six

8

months before charged murder relevant to prove motive because it showed appellant's willingness to use violence in response to cheating on a drug deal); cf. *Brooks*, 298 Ga. at 726-27 (fact that the accused had committed the same type of crime in the past did not, without more, prove his motive to commit the same type of crime again when earlier crime was unrelated and unnecessary to prove why seven years later appellant committed the crime for which he was on trial); *Amey v. State*, 331 Ga. App. at 250 (1) (b) (same).

Having determined that the evidence was relevant, we must also consider whether the evidence should have been excluded under Rule 403, which, among other things, provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." OCGA § 24-4-403. The Supreme Court has explained that "[t]he application of the Rule 403 test is a matter committed principally to the discretion of the trial courts," but it has also found that "the exclusion of evidence under Rule 403 is an extraordinary remedy [that] should be used only sparingly." (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016). See also *Hood v. State*, 299 Ga. 95, 103 (4) (786 SE2d 648) (2016) ("The major function of Rule 403 is to exclude matter

9

of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.") (citation and punctuation omitted).

In determining whether relevant evidence is more probative than prejudicial, our Supreme Court has explained that "[g]enerally speaking, the greater the tendency to make the existence of a fact more or less probable, the greater the probative value." *Olds*, 299 Ga. at 75 (2). And "the extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered"; "how much it adds . . . to the other proof available to establish the fact for which it is offered"; and "the need for the evidence." Id. at 75-76 (2).

Here, the physical evidence left little doubt that the victim had suffered an injury to her face, the only question being how she sustained the injuries. The only direct proof that Harris inflicted the victim's injuries came from her testimony, which Harris sought to discredit by pointing out that no one testified that she did not have these injuries prior to her alleged altercation with Harris and that she could have been injured by other means such as forcefully biting her lip or slipping in a bathtub. Thus, the other acts evidence that Harris resorted to violence toward other women who did not accede to his demands was needed by the State to counter Harris' defense and to

support its case that Harris intentionally hit the victim in the face after she refused his sexual advances. This evidence added significantly to the other proof used to establish that Harris hit the victim. See *Anthony*, 298 Ga. at 833 (4) (other acts evidence need to counter appellant's testimony at trial and theory of self-defense on which he relied). Although the evidence was prejudicial, "as almost all evidence presented by the State will be," we agree with the trial court that on balance any such prejudice did not substantially outweigh the probative value of the evidence in this case. *Smart*, ___ Ga. at ___ (2) (b). See also *United States v. King*, 713 F2d 627, 631 (III) (11th Cir. 1983) ("[I]n a criminal trial relevant evidence is inherently prejudicial; it is only when unfair prejudice substantially outweighs probative value that [Federal Rule 403] permits exclusion.") (emphasis omitted).

Accordingly, the trial court did not abuse its discretion in admitting the other acts evidence, and Harris is not entitled to a new trial on this basis. See *Jones*, 297 Ga. at 159 (1) (Appellate courts will overturn a trial court's decision to admit evidence of other acts "only where there is a clear abuse of discretion.").

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*