**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 1, 2023**

# In the Court of Appeals of Georgia

A23A1119. BROOKS v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Robin Brooks was convicted of criminal attempt to commit murder; two counts of aggravated assault, family violence; aggravated assault; aggravated battery; and two counts of possession of a firearm during the commission of a felony. Brooks appeals the denial of her motion for new trial.

She argues that the trial court erred by limiting its jury instruction on the lesser-included offense of reckless conduct to only one of the three counts of aggravated assault. We agree that the court erred, but hold that the error affects only the single aggravated assault conviction that was not merged into another conviction. She argues that she received the ineffective assistance of counsel. But she has failed to show both deficient performance and prejudice. She argues that the trial court should

have merged three of her convictions into other convictions. We hold that as for two of them, she was properly sentenced. As for the third, we reverse that conviction for the jury instruction error, and so do not reach the alleged sentencing error.

So we reverse the aggravated assault, family violence conviction entered on Count 3 of the indictment. We affirm the remainder of the convictions and the sentence.

1. *Facts and procedural posture*.

"Because in this case we must consider whether the trial court's error was harmful and therefore requires reversal, we review the evidence in some detail and not only in the light most favorable to the jury's verdicts." *McIver v. State*, 314 Ga. 109, 110 (1) n. 3 (875 SE2d 810) (2022). The evidence presented at trial showed that Brooks and her husband were physically and verbally abusive toward each other.[1] In August 2020, Brooks obtained a temporary protective order (which remained in effect at the time of this incident), and by agreement, the husband moved out of their house.

---

[1] It appears that Brooks and her husband had divorced by the time of the trial. But for the ease of reading, we will refer to Brooks's former husband as "the husband" throughout the opinion.

2

The Brookses began divorce proceedings in September 2020. The primary issues of contention were who would retain possession of their house and who would have custody of their daughter.

On the evening of November 13, 2020, the husband and Brooks were arguing via text messages about child custody and the division of property, when Brooks told the husband to come get the child. The husband believed that under the terms of the temporary protective order he needed a third party to be present, so he had a neighbor accompany him when he drove to the house to pick up his daughter. The husband stopped his car on the street in front of the mailbox.

The daughter heard her father's car. When she looked out the window, she saw two people in the car, in which the interior lights were illuminated. Brooks exited the house and walked down the driveway toward the car, holding her phone, a cup, and a handgun, which had a chambered round. She appeared to be intoxicated.

When the husband saw the handgun in Brooks's hand, he attempted to speed off in his car. As the car was driving away, Brooks shot the handgun toward the driver's side of the car. A bullet passed through the rear, driver's side window; traveled through the passenger compartment; and entered the left temple of the

passenger, the neighbor who had accompanied the husband. The neighbor was seriously injured.

Brooks testified in her own defense. She testified that she heard her husband's car drive up so she went outside, carrying her phone, her gun, and a protein shake. She remained on her porch and asked the husband through the open car window what was he doing coming to the house. The husband yelled back. To avoid disturbing the neighbors, Brooks began walking down the driveway toward the car, telling the husband that he needed to leave.

When she was three-quarters of the way down the driveway, the light came on in her husband's car because he was opening the car door. She was afraid because the husband often carries a firearm, although she did not see one that night. As she turned to run back to the house with her finger on the gun's trigger, the gun discharged.

2. *Jury instruction*.

Brooks argues that the trial court erred by refusing to charge the jury on reckless conduct as a lesser-included offense of all three aggravated assault counts and instead charging it as to only one of them. We agree that the court erred in its charge.

Three counts of the indictment charged Brooks with aggravated assault. Count 2 charged Brooks with aggravated assault, family violence, alleging that she "did attempt to commit a violent injury to the person of another, to wit: [the husband], a spouse of the accused, and a person formerly living in the same household as the accused, with a handgun, a deadly weapon, by firing said handgun toward such person. . . ." Count 3 charged Brooks with aggravated assault, family violence, alleging that she "did intentionally commit an act which placed another, to wit; [the husband], the spouse of the accused, and a person formerly living in the same household as the accused, in reasonable apprehension of immediately receiving a violent injury, when she fired a handgun, a deadly weapon, toward him. . . ." Count 5 charged Brooks with aggravated assault, alleging that she "did intentionally commit an act which placed another, to wit; [the neighbor], in reasonable apprehension of immediately receiving a violent injury, when she fired a handgun, a deadly weapon, toward him. . . ."

Brooks was convicted on all three of those aggravated assault counts. But the trial court correctly charged on the lesser included offense as to one of those counts. Another count merged with a different offense. We reverse as to the third. The trial court merged the conviction on Count 2, aggravated assault, family violence into the

5

criminal attempt to commit murder conviction. And moreover the trial court *did* charge reckless conduct on Count 2. The court also merged the conviction on Count 5, aggravated assault against the neighbor, into the aggravated battery conviction. So we address the jury charge issue only as it pertains to the conviction on Count 3 aggravated assault, family violence, which was not merged. See *McCluskey v. State*, 307 Ga. 740, 745 (2) (838 SE2d 270) (2020) (holding that trial court's alleged error in failing to charge reckless conduct as a lesser-included offense of aggravated assault was moot because aggravated assault count of the indictment merged with the malice murder conviction).

We now turn to the merits of the argument. "A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. . . .Whether the evidence warranted the requested instruction is a legal question that we review de novo." *Wilson v. State*, 315 Ga. 728, 736 (6) (883 SE2d 802) (2023) (citation and punctuation omitted). We hold that there is at least slight evidence that warranted the requested instruction.

> A person commits reckless conduct when he "causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the

6

disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." OCGA § 16-5-60 (b). . . . [I]n some cases [it] may be a lesser included offense of aggravated assault.

*Prince v. State*, 306 Ga. App. 604, 605-606 (2) (702 SE2d 785) (2010) (citation and punctuation omitted).

As detailed above, Count 3 alleged that Brooks "intentionally commit[ed] an act which placed . . . the spouse of the accused, and a person formerly living in the same household as the accused, in reasonable apprehension of immediately receiving a violent injury, when she fired a handgun, a deadly weapon, toward him. . . ." See OCGA §§ 16-5-20 (a) (2) ("A person commits the offense of simple assault when he or she . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury."); 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon . . . ."); 16-5-21 (i) ("If the offense . . . is committed between past or present spouses, persons who are parents of the same child, . . . or other persons . . . living or formerly living in the same household, the defendant shall be punished by imprisonment for not less than three nor more than 20 years."). Reckless conduct can be a lesser-

7

included offense of that kind aggravated assault if a factual predicate reasonably raises it. *Cain v. State*, 288 Ga. App. 535, 537 (2) (654 SE2d 456) (2007).

And here, Brooks's testimony — that she carried a gun with a chambered round and her finger on the trigger as she walked toward the husband's car while they were yelling at each other, and that the gun discharged as she turned to run with her finger still on the trigger — reasonably raised reckless conduct. See *Reed v. State*, 279 Ga. 81, 86 (7) (610 SE2d 35) (2005), disapproved in part on other grounds at *McIver*, 314 Ga. at 135 (2) (f) (evidence showed reckless conduct when defendant drove car while his finger was "undisputedly inside the trigger guard" of loaded revolver in close proximity to his intoxicated girlfriend).

The state argues that Georgia courts have repeatedly held that a reckless conduct charge is not warranted for an aggravated assault committed by placing another in reasonable fear of injury. It cites five cases: *Dunagan v. State*, 269 Ga. 590 (502 SE2d 726) (1998); *Patterson v. State,* 332 Ga. App. 221 (770 SE2d 62) (2015); *Craft v. State*, 309 Ga. App. 698 (710 SE2d 891) (2011); *Shaw v. State,* 238 Ga. App. 757 (519 SE2d 486) (1999); and *Clark v. State*, 191 Ga. App. 386 (381 SE2d 763) (1989).

But those cases demonstrate that whether to charge on reckless conduct as a lesser-included offense of fear-of-injury aggravated assault depends on the facts of each case. In most of them, the crucial fact that made a reckless conduct instruction inapplicable is that the defendant had acted committed the act that placed the victim in reasonable apprehension of receiving an injury not recklessly but intentionally.

For example, in *Patterson*, we held that a reckless conduct charge was not warranted as to a charge of fear-of-injury aggravated assault because the facts of the case were "undisputed that [the defendant] drove his van and struck and injured [the victim]." 332 Ga. App. at 228 (1) (b). Because the defendant intended the act that placed the victim in fear — driving his van — a charge on reckless conduct was not supported by the evidence.

In *Shaw*, we held that "under the evidence in [that] case, a reckless conduct charge [was] not warranted for an aggravated assault committed by placing another in reasonable apprehension of immediately receiving a violent injury[,]" because the defendant intentionally fired his gun, even though he claimed that he fired it only into the air and not at the victim. 238 Ga. App. at 759 (1). We noted that "one can place another person in reasonable apprehension of violent injury by firing into the air as well as by firing at the victim." Id.

9

In *Craft*, we held that trial counsel did not perform deficiently by failing to request a charge on reckless conduct because the defendant intentionally fired the gun that placed the victims in reasonable apprehension of immediately receiving a violent injury. 309 Ga. App. at 706-707 (7) (a). See also *Nelson v. State*, 283 Ga. 119, 121 (2) (b) (657 SE2d 201) (2008) ("Since it was undisputed that appellant intentionally fired the gun at the victim and did not act in conscious disregard of the substantial and unjustifiable risk that his act would cause harm or endanger the safety of the victim, there was no evidence to support a charge on reckless conduct."); *Stobbart v. State*, 272 Ga. 608, 611 (3) (533 SE2d 379) (2000) (trial court did not err in failing to charge the jury on reckless conduct as a lesser-included offense of fear-of-injury aggravated assault because "the only testimony was that in pointing the pistol at [the victim, the defendant] did so intentionally, not consciously disregarding a substantial and unjustifiable risk that his act or omission would cause harm or endanger (the victim's) safety") (citation and punctuation omitted); *Paul v. State*, 296 Ga. App. 6, 9 (2) (673 SE2d 551) (2009) (jury instruction on reckless conduct was not warranted because the only inference that reasonably could be drawn from the evidence was that in pointing the gun at victim, defendant did so intentionally, not consciously disregarding a substantial and unjustifiable risk that his act would endanger victim's

10

safety); *Hall v. State*, 235 Ga. App. 44, 46-47 (4) (508 SE2d 703) (1998) (there was no evidence to support a charge of reckless conduct as a lesser-included offense of aggravated assault since it was undisputed that defendant deliberately fired a pistol at occupants of a car).

*Dunagan*, in fact, supports Brooks's position. There our Supreme Court held that in a prosecution for aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (2), fear-of-injury aggravated assault, "[t]here is an intent of the accused that must be shown, but it is only the criminal intent to commit the acts which caused the victim to be reasonably apprehensive of receiving a violent injury, not any underlying intent of the accused in assaulting the victim." 269 Ga. at 594 (2) (b). The court elaborated that "[w]hile the victim may be frightened or scared as a result of the defendant's conduct, that result need not be intended by the defendant in order to constitute an assault under OCGA § 16-5-20 (a) (2)." Id. at n. 5. And like the cases described above, the evidence showed that the defendant in *Dunagan* intended to commit the act that caused the victim to be reasonably apprehensive of receiving a violent injury because he "intentionally pointed the weapon directly at [the victim's] head. . . ." Id. at 591 (1).

Finally, *Clark* did not involve the issue at hand. Instead, in that case, the defendant requested a charge on simple assault as a lesser-included offense because he used an empty pellet gun, which, he argued, was not a deadly weapon. 191 Ga. App. at 387 (3). We held that the charge was not warranted because the pellet gun reasonably could have appeared to the victim to be deadly. Id.

"We must decide only whether there was slight evidence to support the jury instruction. And if there was slight evidence supporting the instruction — and there was — it is irrelevant whether we find that slight evidence persuasive in the face of contrary evidence; that question was reserved exclusively for the jury." *McIver*, 314 Ga. at 139-140 (2) (g) (citation and punctuation omitted).

The trial court erred in refusing to instruct the jury on reckless conduct as a lesser-included offense of the aggravated assault charged in Count 3. "[W]e cannot say that the error was harmless, because . . . the evidence of criminal intent was disputed and circumstantial." *McIver*, 314 Ga. at 140 (2) (h). So we must reverse Brook's conviction on Count 3, aggravated assault, family violence.

> We note that, as a matter of constitutional due process, the evidence presented at trial and summarized above was, when viewed in the light most favorable to the verdicts, legally sufficient to authorize a rational jury to find [Brooks] guilty beyond a reasonable doubt of the

crimes for which [s]he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Therefore, although we reverse [Brooks's] conviction [on the aggravated assault charged in Count 3] based on the instructional error, the [s]tate may choose to retry [Brooks on this count] as well as the lesser included offense of [reckless conduct], as to which the jury did not return a verdict.

*McIver*, 314 Ga. at 144 (2) (h).

3. *Assistance of counsel*.

Brooks argues that trial counsel provided ineffective assistance in two ways: he failed to move to recuse the trial judge and he failed to object to evidence about the neighbor victim's injuries. We hold that Brooks has not shown that she received ineffective assistance of counsel.

In order to succeed on [her] claim of ineffective assistance, [Brooks] must prove both that [her] trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. If an appellant fails to meet his or her burden of proving either prong of the *Strickland v. Washington* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

13

*Pritchett v. State*, 314 Ga. 767, 780-781 (3) (879 SE2d 436) (2022) (citation and punctuation omitted). See also *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984).

(a) *Failure to move to recuse the trial judge*.

Brooks argues that trial counsel performed deficiently because he failed to move to recuse the trial judge. We hold that, assuming counsel performed deficiently, Brooks has not shown prejudice.

Brooks was tried in the superior court of Catoosa County, which is in the Lookout Mountain Judicial Circuit. At one point, Brooks worked for the Catoosa County District Attorney, and the Attorney General appointed the district attorney for the Conasauga Judicial Circuit to prosecute the case. Brooks's former mother-in-law — the mother of the husband victim and the grandmother of one of the witnesses — worked for the clerk of the Walker County Superior Court, which is also in the Lookout Mountain Judicial Circuit. Three of the four judges from the Lookout Mountain Judicial Circuit recused themselves. The fourth judge, who presided over Brooks's trial, also had presided over some aspects of her divorce case.

Brooks argues that these facts demonstrate that the judge's impartiality reasonably might have been questioned, so it was objectively unreasonable for

counsel not to have moved to recuse the judge. Assuming counsel performed deficiently by failing to move for recusal, Brooks still must show prejudice and she has not done so.

We reject Brooks's argument that she need not prove prejudice, given that there has been no factual development on this issue. She argues that instead, should we find deficient performance, then we should set aside her convictions and sentences and remand the case to the trial court for further proceedings as if a timely motion to recuse had been filed. She cites *Serdula v. State*, 344 Ga. App. 587 (812 SE2d 6) (2018), in support of her argument. But unlike Brooks's case, *Serdula* did not involve a claim of ineffective assistance of counsel, which, under *Strickland*, supra, requires that an appellant prove prejudice. Instead, *Serdula* involved trial court error in the denial of a motion to recuse.

Brooks has cited no authority in support of her argument that she need not prove prejudice in such an ineffective assistance of counsel claim. And, as demonstrated by the cases cited below, we have found nothing exempting such claims of ineffective assistance from the burden of proving "that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *Pritchett*, 314 Ga. at 780 (3).

And Brooks has not met that burden. She has not "point[ed] to any ruling on the part of the trial judge, either before or during trial, which demonstrates he was biased against [her. So i]t follows that [she] has failed to prove . . . prejudice." *Harvey v. State*, 300 Ga. 598, 607 (9) (b) (797 SE2d 75) (2017), overruled in part on other grounds by *Nalls v. State*, 304 Ga. 168 (815 SE2d 38) (2018). See also *Ford v. Tate*, 307 Ga. 383, 422 (II) (E) (835 SE2d 198) (2019) (speculation is insufficient to satisfy the prejudice prong of *Strickland*); *Williams v. State*, 273 Ga. App. 213, 218 (3) (b) (614 SE2d 834) (2005) (no prejudice from failing to file motion to recuse because "[n]othing in the record or transcripts, including the hearing held on [the] motion for new trial, suggests any impropriety or partiality by the trial judge"); *Hubert v. State*, 297 Ga. App. 71, 79-81 (7) (d) (676 SE2d 436) (2009) (rejecting claim that trial counsel was ineffective for failing to move to recuse trial court judge because each specific example defendant gave did not show bias).

(b) *Failure to object to evidence*.

Brooks argues that trial counsel was ineffective because he failed to object to certain evidence about the neighbor victim's injuries and cognitive impairment. She points to the testimony of a witness (who had come upon the two victims shortly after the shooting) that the bullet had gone through the neighbor's eye ; the testimony of

16

a detective about the neighbor's injuries; ; and the testimony of the neighbor's wife describing his cognitive impairment.

At the hearing on the motion for new trial, trial counsel testified that Brooks had been charged with aggravated battery for harming the neighbor by disfiguring his head and brain, and the evidence was relevant to this charge, which Brooks concedes. He testified that he did not object because he did not believe the prejudicial effect of the evidence outweighed its probative value. But see *State v. Brinkley*, __ Ga. __, __ (__ SE2d __) (Case No. S23A0507, decided June 21, 2023) (issue is not whether probative value is outweighed by prejudicial effect but whether probative value is substantially outweighed by unfair prejudice).

"Under the current Evidence Code, excluding relevant evidence under Rule 403 is an extraordinary remedy that should be used only sparingly." *Allen v. State*, 307 Ga. 707, 710 (3) (838 SE2d 301) (2020) (citation and punctuation omitted)."(I)t is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Wilson v. State*, 336 Ga. App. 60, 63 (2) (b) (783 SE2d 662) (2016) (citation and punctuation omitted; emphasis in original). Accord *Brinkley*, __ Ga. at __; *State v. Harris*, 316 Ga. 272, 279 (3) (888 SE2d 50) (2023). "Even in close cases, the balance is struck in favor of admissibility

17

in determining whether its probative value is outweighed by the danger of unfair prejudice." *Wilson*, 336 Ga. App. at 63 (2) (b) (citation and punctuation omitted).

> The probative value of [this evidence] was not substantially outweighed by the danger of unfair prejudice, and the trial court would have acted well within the bounds of its discretion by admitting it even if counsel had objected under OCGA § 24-4-403. Thus, a competent attorney in the position of [Brooks's] trial lawyer would have had every reason to believe that an objection to this . . . evidence based on OCGA § 24-4-403 would fail. Trial counsel was not deficient in this respect.

*Bentley v. State*, 307 Ga. 1, 5-6 (2) (a) (834 SE2d 549) (2019) (citation and punctuation omitted).

To the extent that Brooks complains about counsel's failure to object to the neighbor victim being brought into the courtroom in a wheelchair, she failed to question counsel about this decision at the hearing on the motion for new trial. "His decision is therefore presumed to be a strategic one, and the decision not to draw attention to [the victim entering the courtroom in a wheelchair] by making an objection is not so obviously unreasonable as to constitute deficient performance[.]" *Gomez v. State*, 301 Ga. 445, 460 (7) (a) (801 SE2d 847) (2017) (citations and punctuation omitted).

(c) *Cumulative effect of counsel's deficient performance.*

18

Brooks asserts that the cumulative effect of counsel's deficient performance provides a basis for overturning her convictions.

> Assessing cumulative prejudice is necessary only when multiple errors have been shown. [Brooks] has not established multiple instances of deficiency. Of the [two] claims of ineffective assistance that [s]he raises, we have concluded that in [one] of them — trial counsel's . . . failure to object to the testimony [about] the victim's [injuries] — [s]he failed to show that trial counsel's performance was deficient.

*Moore v. State*, 315 Ga. 263, 270 (2) (d) n. 3 (882 SE2d 227) (2022) (citation and punctuation omitted).

4. *Sentencing*.

Brooks argues that the trial court erred by failing to merge three of her convictions into other convictions. We disagree as to two of the convictions and do not reach the issue as to the third.

(a) *Aggravated battery*.

Brooks argues that the aggravated battery conviction against the neighbor should have merged into the attempted murder conviction against the husband. She argues that both charges were predicated on the same conduct, Brooks's firing the gun into the car. And, according to Brooks, "there was no evidence" that she even

19

knew that the neighbor was in the car (although there was testimony that a second person in the car was visible ). So, she contends, her criminal liability for the battery is based upon transferred intent — intent to attempt to murder her husband, presumably. Since the evidence of intent was used up to prove the crime of attempted murder, she argues, it could not be used to prove the crime of aggravated battery, and the aggravated battery conviction merged with the attempted murder conviction.

Our Supreme Court rejected a similar argument in *Jones v. State*, 301 Ga. 1, 7 (3) (799 SE2d 196) (2017), overruled in part on other grounds by *Worthen v. State*, 304 Ga. 862, 874 (3) (e) n. 8 (823 SE2d 291) (2019). There the appellant argued that the trial court should have merged his convictions for aggravated assault into his convictions for malice murder "because the intent element of the aggravated assault charges was transferred to support the malice murder counts." *Jones*, 301 Ga. at 7 (3). The court rejected the argument, holding that "the merger doctrine does not apply where, as here, the crimes were committed against different people." Id. For this same reason, Brooks's conviction for aggravated battery against the neighbor does not merge with her conviction for the attempted murder of her husband.

(b) *Firearms offense*.

20

Brooks makes the same transferred intent argument in support of her claim that the two convictions for possession of a firearm during the commission of a felony should have merged. One count of the indictment charged Brooks with possession of a firearm while committing felonies against the husband and another count charged Brooks with possession of a firearm while committing felonies against the neighbor. She argues that because there was no evidence that she intended to commit a crime against the neighbor, the state relied upon the transferred intent of Brooks to commit the crimes against the husband to secure a conviction for the firearms offense based on felonies against the neighbor.

Our Supreme Court has held that "(w)here multiple crimes are committed together during the course of one continuous crime spree, a defendant may be convicted *once* for possession of a firearm during the commission of a crime *as to every individual victim* of the crime spree as provided under OCGA § 16-11-106 (b) (1) . . . ." *Welch v. State*, 309 Ga. 875, 880 (4) (848 SE2d 846) (2020) (citation and punctuation omitted; emphasis in original). So the trial court did not err by failing to merge the firearms offense convictions.

(c) *Aggravated assault, family violence.*

21

Brooks argues that the trial court should have merged the conviction for aggravated assault, family violence alleged in Count 3 with the attempted murder conviction. We do not reach this argument because, as detailed in Division 2, we reverse this aggravated assault, family violence conviction.

*Judgment affirmed in part, reversed in part. Brown and Markle, JJ., concur.*